**In re Wilfred W. BURGART a/k/a Bill Burgart d/b/a W. Burgart and Associates and Anna F. Burgart, Debtors.**

Civ. A. No. 91–692.
Bankruptcy No. 90–2667–JLC.
Motion No. 90–7714M.

United States District Court,
W.D. Pennsylvania.

June 2, 1992.

Don Calairo, Pittsburgh, Pa., for debtors.

Reed J. Davis, Asst. U.S. Atty., Pittsburgh, Pa., for First Seneca Bank.

### MEMORANDUM OPINION

LEWIS, District Judge.

On June 29, 1990, Wilfred W. Burgart and Anna F. Burgart ("debtors") filed a Chapter 13 petition ("the first case"). The first case was dismissed without prejudice on July 25, 1990, for failure to file a Chapter 13 bankruptcy plan. On August 31, 1990, the debtors filed a second Chapter 13 case. In that case, First Seneca Bank ("appellant") moved for dismissal, alleging that debtors filed their case in violation of 11 U.S.C. § 109(g)(1). The bankruptcy court denied appellant's motion, and First Seneca Bank filed this appeal.

The issue before this court on appeal is whether the bankruptcy court erred in denying appellant's motion to dismiss. This court will affirm the bankruptcy court's decision because it was not clearly erroneous.

### DISCUSSION

As noted above, appellant moved for dismissal of the debtors' August 3, 1990 case pursuant to 11 U.S.C. § 109(g)(1), which provides in part:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this

title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court....

11 U.S.C. § 109(g)(1) (1988).

Appellant contends that the debtors purposely failed to file a Chapter 13 plan, thus willfully failing to abide by orders of the court, in their first case. Because appellant claims debtors' actions were willful, it asserts that the bankruptcy court's refusal to dismiss debtors' second case pursuant to § 109(g)(1) was erroneous.

██ Whether the debtors' actions were willful is a question of fact. *Cf. In re Davis*, 936 F.2d 771, 774 (4th Cir.1991) (determination of whether excusable neglect existed involved a finding of fact not to be set aside on appeal unless clearly erroneous). Whether a person acted willfully is necessarily determined by reviewing the facts at issue and making a credibility determination. On appeal, this court may not set aside the bankruptcy court's findings in this regard unless they were clearly erroneous. Due consideration must be given to the bankruptcy court's opportunity to judge the credibility of witnesses. Fed. R.Bankr.P. 8013.

██ At least one court has held that in order to dismiss a case pursuant to 11 U.S.C. § 109(g)(1), the bankruptcy court must either: (1) find that the debtor admitted intentional conduct; (2) conclude that denials of intentional conduct by the debtor lack credibility; or (3) draw adverse inferences from all of the circumstances attendant to the filing. *In re Arena*, 81 B.R. 851, 853 (Bankr.E.D.Pa.1988). In other words, willfulness involves more than a mere failure to take some action. *Cf. Alabama Power Co. v. Fed. Energy Regulatory Comm'n.*, 584 F.2d 750, 752 (5th Cir.1978) (more than mere failure to report required to establish a violation of the Federal Power Act).

In this case, the inexperience of the courier and the debtors' first attorney contributed to the failure to file the Chapter 13 schedules and plan which led to the dismissal of the first case. The bankruptcy court found these to be "technical problems" justifying the dismissal without prejudice. This provided the debtors a chance to reopen or refile at a later date for a hearing on the merits. Hearing Transcript at 8–9.

The bankruptcy court apparently focused on two significant occurrences. First, the debtors had used a nonprofessional courier to file their first case. Upon filing it, the courier received an order to show cause dated June 29, 1990. In it, the bankruptcy court ordered the debtors to file a summary of their debts and property and a Chapter 13 plan. The courier informed counsel that the filing had been completed but did not mention the order to show cause. Thus, debtors' counsel did not know that he was required to file schedules and a plan until the first case was dismissed without prejudice for failure to file the required documents. *See* Certificate of Counsel attached to debtors' response to the motion to dismiss before the bankruptcy court.

Further, at the hearing on appellant's motion to dismiss, the bankruptcy judge stated that the first case had been dismissed without prejudice to debtors' reopening it. The practice of the bankruptcy court is to dismiss cases without prejudice to protect debtors' rights in case the dismissal was a result of excusable neglect. Transcript of Motion Hearing at 8–9 (March 6, 1991).

Based upon these facts, the bankruptcy court's decision to deny appellant's motion was not clearly erroneous. The decision is affirmed.