**In re Sarah Ingram BRADLEY.**

**Civ. A. No. 92–3556.**
**Bankruptcy No. 92–12863.**

United States District Court,
E.D. Louisiana.

March 8, 1993.

Joseph Rumage, New Orleans, LA, for debtor Sarah Ingram Bradley.

Julian Rogrigue, Covington, LA, Robin Cheatham, Adams & Reese, New Orleans, LA, for creditor Citizens Bank and Trust.

*ORDER AND REASONS*

CHARLES SCHWARTZ, Jr., District Judge.

Before the Court is debtor Sarah Ingram Bradley's appeal from a bankruptcy court's order dismissing her Chapter 13 petition pursuant to 11 U.S.C. § 109(g)(1). The matter was set for hearing on January 20, 1993, but was submitted on the briefs. For the reasons stated herein, the judgement of dismissal is hereby SET ASIDE and the matter REMANDED for further proceedings consistent with this opinion.

## I. BACKGROUND

In June 1990, Sarah Ingram Bradley filed a Chapter 13 petition under the United States Bankruptcy Code. A reorganization plan was later filed in which Bradley was required to make monthly payments in the amount of $157.70 for forty-eight months. The appellee, Citizen's Bank & Trust Co., filed a motion to dismiss on January 30, 1991 because the debtor had failed to make any payments in accordance with the plan of reorganization. The motion to dismiss was subsequently continued without date as a result of the debtor's payment of all funds due under the plan.

The trustee of the case later filed its own motion to dismiss when the debtor fell behind in her payments for a second time. The bankruptcy court heard the motion to dismiss on June 16, 1991. Neither the debtor nor counsel on her behalf appeared at the hearing to oppose the motion. Bradley's petition was dismissed due to her failure to make timely payments in accordance with the plan.[1]

On July 10, 1992, Bradley filed a second petition for relief under Chapter 13. Citizens Bank and Trust Co. moved to dismiss the second petition pursuant to 11 U.S.C. § 109(g)(1). The bankruptcy court granted Citizen's motion at a hearing on September 15, 1992 after finding that the debtor had acted wilfully in her failure to make payments in accordance with the court's order under the first petition.[2] The debtor appeals the bankruptcy court's order dismissing the petition.

## II. DISCUSSION

■ Section 109(g)(1) of Title 11 U.S.C. precludes a debtor from filing a petition under the Bankruptcy Code if the debtor has had a case pending under the Code within 180 days of the filing of the second petition and the earlier petition was dismissed for a willful failure to abide by court orders or appear in proper prosecution of the case. *In re King*, 126 B.R. 777, 780 (Bankr.N.D.Ill.1991). A debtor's conduct is willful within the meaning of section 109(g)(1) "when it intentional, knowing and voluntary, as opposed to conduct which is beyond the person's control." *In re McIver*, 78 B.R. 439, 441 (D.S.C.1987).

In her appeal, the debtor contends that the bankruptcy court improperly relied on the representations of counsel for the creditors that the first petition had been dismissed for a willful failure to obey court orders. The debtor also faults the bankruptcy court for precluding debtor's counsel from introducing evidence into the record, which would allegedly demonstrate that the debtor's conduct was not intentional and was beyond her control.

■ In making a determination of willfulness, a bankruptcy court must review the facts at issue as they appear in the record containing the original petition.[3] If it finds that the original record is insufficient to support a ruling, the bankruptcy court may order an evidentiary hearing to elicit further facts. The bankruptcy court, however, is not obliged to do so if it finds that a hearing would be superfluous in light of the record before it.

■ At the hearing to consider the appellee's motion to dismiss, the bankruptcy

---

1. At the time of the hearing, debtor was four months in arrears.

2. The bankruptcy court did not, however, issue written findings of fact or conclusions of law in support of its decision.

3. In this bankruptcy matter, issues of law are reviewed de novo. This Court will not overturn findings of fact unless they are clearly erroneous.

court heard oral argument from both the debtor's and creditor's counsel. During the course of the hearing, the bankruptcy court remarked as follows:

> THE COURT: Well, that's fine. And if she's got some complaint against the attorney let her go to the bar association. Nobody came here when this court sought to dismiss this case for failure to make payments....

> . . . . .

> THE COURT: That is not the issue at all, Mr. Rubins. We're talking about 109. We're not talking about changed circumstances. The issue is the dismissal of the prior case.... And the issue is the willful failure to obey the order of the court. The debtor did not lose a job. the debtor did not suffer a reduced income as a result of some physical disability....

> . . . . .

> THE COURT: ... Unless the debtor has an excuse, and a valid excuse, for failure to make payments in accordance with the terms of the plan the court finds that the debtor has failed to obey a lawful order of this court. And the court finds that 109(g) is applicable. the Court orders the matter dismissed.[4]

After reviewing the above quoted statements and the entire transcript, this Court finds that the bankruptcy court did not improperly rely on the statements of counsel in making its determination. To the contrary, the transcript reveals that the bankruptcy court considered the excuses proffered by debtor's counsel to be insufficient even if proven true to overcome the fact that the debtor was four months in arrears at the time the original petition was dismissed. The debtor's appeal therefore turns on whether the bankruptcy court's findings were appropriate assuming debtor's counsel had been allowed to proceed with testimony and documentary evidence.

■ During the hearing, debtor's counsel attempted to introduce evidence of the following: (1) debtor's payment of arrears outside the plan due to creditor harassment[5]; (2) creditor initiated contact with the debtor in violation of a standing court order[6]; (3) ineffective assistance of counsel[7]; and (4) reduced income due to medical treatment of a heart condition.[8] As stated previously, a finding of willfulness must be supported by evidence that the debtor's conduct was intentional or deliberate. "[A] mere failure to make a payment or appear at a ... court hearing is not sufficient to sustain a finding of willful conduct." *In re King*, 126 B.R. at 780.

■ The debtor, in this case, has alleged facts that if proven true would be sufficient to support a finding that the debtor's conduct was not willful. The debtor, for example, alleges that her creditors engaged in harassment and intimidation in an attempt to persuade her to make payments outside the plan. If the creditors applied undue pressure on the debtor, they acted in violation of the protection provided by the Bankruptcy Code. It is for this very reason that the creditors should not also be allowed to proceed against the debtor when she fails to make payments under the plan because she is suffering from financial hardship due to prior payments made under duress. It was inappropriate for the bankruptcy court to discount the debtor's allegations of creditor wrongdoing without inquiring into the severity of the alleged conduct. In determining the impact of the creditor's conduct, due consideration must be given to the debtor's sophistication in business and legal matters.

■ Moreover, as the bankruptcy court noted itself, an unexpected medical condition that leads to reduced income and the debtor's subsequent failure to abide by court orders is suggestive of conduct which is neither deliberate nor intentional. Despite its recognition that medical conditions

---

4. Transcript of Proceedings, at 9–11 (E.D.Bankr. Sept. 15, 1992).

5. *Id.* at 7–8.

6. *Id.*

7. *Id.* at 9.

8. *Id.* at 10.

**78**

might affect the ability of the debtor to comply with the reorganization plan, the bankruptcy court refused to allow the debtor's attorney to proceed with evidence of same and as a result made no findings relative thereto. In consequence, this Court has no way of assessing whether the bankruptcy court's findings were justified.

 Finally, despite the bankruptcy court's statements to the contrary, attorney neglect is a sufficient basis upon which to excuse a debtor's violation of a court order. *See, e.g., In re Burgart*, 141 B.R. 90, 91 (W.D.Pa.1992). Courts should not allow section 109(g)(1) to be used as a technical device through which creditors can immediately liquidate a debtor's assets. If an individual debtor can establish that her failure to comply with an order of the court is attributable to the conduct of her own attorney, the debtor should be allowed to proceed with a new good faith filing. It was thus error for the bankruptcy court to ignore altogether allegations of attorney misconduct in this matter.

Because the bankruptcy court refused to allow the debtor to introduce testimony and documentary evidence in support of its position, the record lacked the facts necessary to allow the bankruptcy court to make a considered decision of whether or not the debtor acted wilfully in her failure to abide by the terms of the plan. As such, the matter must be remanded for further proceedings. On remand, the bankruptcy court should specifically determine the circumstances surrounding the debtor's failure to make timely payments. This inquiry should include an assessment of to what extent, if any, attorney conduct, creditor misconduct, or the debtor's medical condition contributed to the debtor's failure to abide by the court's orders. Accordingly,

IT IS ORDERED that the judgement of dismissal is hereby SET ASIDE and the matter REMANDED for further proceedings consistent with this opinion.