**In re Robert M. BLACKWELL, Debtor.**

**Robert M. BLACKWELL, Appellant, GMAC, Creditor,**

v.

**GMAC, Appellee, Frederick L. Reigle, Esq., Trustee, Interested Party, Frederic J. Baker, Esq., Trustee.**

**Civ. A. No. 93–5962.**
**Bankruptcy No. 20537.**

United States District Court,
E.D. Pennsylvania.

Dec. 8, 1993.

---

Matthew R. Nahrgang, Norristown, PA, for Robert M. Blackwell.

Martha E. Von Rosenstiel, Philadelphia, PA, for GMAC.

Frederick L. Reigle, pro se.

Frederic J. Baker, pro se.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This case has been brought before this court upon the emergency motion of the debtor-appellant, Robert M. Blackwell for the issuance of a stay pending the outcome of his appeal from the October 5, 1993 order of the Bankruptcy Court granting the motion of GMAC Mortgage Corporation for relief from the automatic stay provisions of 11 U.S.C. § 362(d)(1) and dismissing his Chapter 13 bankruptcy case with prejudice. For the reasons set forth below, the emergency motion is denied.

Briefly stated, the relevant facts underlying the instant motion are as follows. On December 10, 1991, appellant commenced a Chapter 13 bankruptcy case in the Reading Division of the Bankruptcy Court for the Eastern District of Pennsylvania and, pursuant to standing order of that court, was directed to file his schedules, statement of financial affairs and Chapter 13 plan within fifteen days. At that time, appellant was unrepresented by counsel and alleges that through "inadvertence" he failed to file the required documents until two days after they were due which resulted in the case being dismissed upon motion of the Clerk of Court on January 14, 1992. Mr. Blackwell thereupon commenced the underlying bankruptcy action in the same court under the same chapter on February 11, 1992, at which time GMAC Mortgage Corp. was in the process of foreclosing on the Blackwells' home due to what was then an arrearage on the monthly

mortgage payments of some $52,000. In April, 1992, GMAC Mortgage filed a Motion to Dismiss the case pursuant to Section 109(g) of the Bankruptcy Code or, in the alternative, a Motion for Relief from the Automatic Stay, both of which motions were granted by the bankruptcy court in its October 5, 1993 order. Mr. Blackwell filed a Notice of Appeal from that order on October 15, 1993 and moved for a stay pending appeal pursuant to Bankruptcy Rule 8005. The motion for stay was subsequently denied by Bankruptcy Judge Twardowski on November 17, 1993 and appellant thereafter filed an emergency motion seeking the same relief with this court on November 24, 1993. A hearing on the said motion was held before the undersigned on December 2, 1993 and the matter is now ripe for disposition.

Federal Bankruptcy Rule 8005 delineates the standards governing the issuance of a stay or supersedeas pending appeals from orders, judgments or decrees of the Bankruptcy Courts:

> A motion for a stay of the judgment, order or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court....

■ In determining the propriety of issuing a stay pending an appeal, it is well-settled that the decision of whether to grant or lift a stay is committed to the sound discretion of the court. *In re Dial Industries, Inc.,* 137 B.R. 247, 249 (Bankr. N.D.Ohio 1992). Discretion will be found to have been abused when the judicial action is arbitrary, fanciful or unreasonable which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *In re Shariyf,* 68 B.R. 604, 606–607 (E.D.Pa.1986).

■ It is equally well-established that on appeal to the district court from bankruptcy court, issues of law are reviewed de novo while the district court is constrained to accept the bankruptcy court's findings of facts unless they are clearly erroneous. *Matter of Excaliber Automobile Corp.,* 859 F.2d 454, 457 (7th Cir.1988); *In re Daniels–Head & Associates,* 819 F.2d 914, 918 (9th Cir.1987); *In re Bradley,* 152 B.R. 74, 76 (E.D.La.1993).

■ Generally speaking, in order to obtain a stay pending appeal under Rule 8005, the movant must establish all four of the following elements: (1) a strong likelihood of success on the merits of the appeal; (2) that the movant will suffer substantial irreparable injury if the stay is denied; (3) that substantial harm will not be suffered by other parties if the stay is granted; and (4) that issuance of the stay would not involve harm to the public interest. *In re Issa Corp.,* 142 B.R. 75, 77 (Bankr.S.D.N.Y.1992); *In re Dial, supra.*

■ In the case at bar, the debtor-appellant contends that there is a substantial likelihood that he will succeed on the merits of his appeal from Bankruptcy Judge Twardowski's October 5, 1993 order because: (a) the bankruptcy court failed to make its own independent evaluation of whether GMAC had shown that sufficient cause existed to afford it relief from the automatic stay of 11 U.S.C. § 362 but instead determined that cause existed solely by virtue of the debtor's previous failure to make the mortgage payments; (b) the bankruptcy court erred when it determined that appellant's testimony as to the

value of the mortgaged property was not credible solely because he was not an expert in property values; and (c) that the bankruptcy court erred when it found that appellant's "mere inadvertence" in failing to file his schedules and plan on time in his previous bankruptcy filing constituted a wilful failure on his part to abide by orders of the court within the meaning of 11 U.S.C. § 109(g). Mr. Blackwell goes on to contend that he will suffer significant irreparable harm if a stay is not granted pending his appeal insofar as a Sheriff's sale of his home has been scheduled for December 15, 1993 and his other secured creditors are poised to deprive him and his family of their family car. Finally, appellant submits that any delay in execution as a result of the appeal will not unduly burden the other parties involved since both are secured creditors who will maintain their security interests and would be entitled to collect any accruing interest or penalties by virtue of their security.

In reviewing the record before the bankruptcy court in this case, we cannot find that Judge Twardowski's factual findings were clearly erroneous or that the legal rulings based thereon were improper.[1] Indeed, the transcript from the 6/9/92 proceedings reveals that between July, 1989 and February, 1992, the debtor-appellant or his wife filed a total of seven bankruptcies, all under Chapter 13 and all of which were eventually dismissed by the bankruptcy court for one reason or another. The record of that proceeding further indicates that while those prior bankruptcy petitions were pending, the Blackwells made only a total of eight postpetition mortgage payments over that three-year period and that the amount of the total debt owed climbed from $122,301.61 with arrearages of $14,499.66 to $160,030.17 with arrearages of $52,490.77 as of December, 1991. Accordingly, there is sufficient evidence to support Judge Twardowski's conclusion that GMAC Mortgage had made out a prima facie case that cause to set aside the stay existed and to shift to the appellant debtor the burden of proving that his creditors had adequate protection by virtue of the amount of his equity in the secured property. *See In re Ocasio,* 97 B.R. 825, 826 (Bankr. E.D.Pa.1989).

Similarly, while it is true that Mr. Blackwell testified in response to questioning by the court that he considered the property to be worth about $170,000 and that he was the only individual to testify as to the nature and value of the property, he further stated that he had arrived at that figure by speaking with the owner of a home with the same construction located approximately one block away who told him that that was the figure at which he had listed his home for sale. That home, however, was still up for sale. (N.T. 6/9/92, 22–24) In light of this testimony, we see no reason to disturb either Judge Twardowski's credibility assessment or his finding that adequate protection did not exist for the appellant's creditors and, as a consequence, we are unable to find that there exists a substantial likelihood that Mr. Blackwell will succeed on the merits of his appeal. Inasmuch as appellant must satisfy all four of the above-referenced elements to qualify for a stay under Rule 8005, there is obviously no need to address the issue of whether he will be able to make out a sufficient showing as to the remaining three. This court simply cannot grant appellant the relief which he seeks and his emergency motion must therefore be denied.

An order is attached.

## ORDER

AND NOW, this 7th day of December, 1993, upon consideration of Appellant–Debtor Robert M. Blackwell's Emergency Motion for Stay Pending Appeal and following hearing thereon, it is hereby ORDERED that the said Motion is DENIED for the reasons set forth in the preceding Memorandum Opinion.

---

1. In so holding, we are cognizant that the question of whether a person acted wilfully is a question of fact inasmuch as it is necessarily determined by reviewing the facts at issue and making a credibility determination. To be sure, due consideration must be given to the bankruptcy court's opportunity to judge the credibility of witnesses. *In re Burgart,* 141 B.R. 90, 91 (W.D.Pa.1992).