Barbara ROTHENBERG, Appellant,

v.

RALPH D. KAISER COMPANY,
INC., Appellee.

Civil Action No. 96–1179 (JLG).

United States District Court,
D. Columbia.

July 31, 1996.

Barbara Rothenberg, Washington, DC, pro se.

Emil Hirsch, Patrick J. Kearney, Freedman, Levy, Kroll & Simonds, Washington, DC, for Appellee.

### MEMORANDUM OPINION AND ORDER

JUNE L. GREEN, District Judge.

This matter is before the Court on appeal from the bankruptcy court's April 4, 1996 denial of Appellant's Emergency Motion for Mandatory Stay of Enforcement of Orders Pending Appeal. In early 1982, Ms. Barbara Rothenberg ("Ms. Rothenberg") received a loan from Ralph D. Kaiser Company, Inc. ("RDK") that was evidenced by a deed of trust and promissory notes in the principal amount of $231,000.00. In 1983, Ms. Rothenberg defaulted on the payment of the notes.

After a January 1984 foreclosure, RDK informed Ms. Rothenberg that a deficiency in the amount of $79,078.20, plus accruing interest, attorney fees and costs, remained due and owing on the notes.

On March 14, 1984, RDK filed an involuntary petition for bankruptcy against Ms. Rothenberg. On August 16, 1984, Ms. Rothenberg executed a Covenant Not to Encumber or Convey Real Estate (the "Covenant") which concerned property owned by Ms. Rothenberg at 1325 Rhode Island Avenue, N.W., Washington, D.C. On August 28, 1984, a motion to dismiss the involuntary petition was filed by RDK. On October 9, 1984, RDK filed a complaint against Ms. Rothenberg in the Superior Court for the District of Columbia seeking a deficiency judgment.

On September 13, 1988, Ms. Rothenberg filed a petition seeking reorganization under Chapter 11 of the Bankruptcy Code. RDK filed an Amended Proof of Claim, alleging an indebtedness owed to it based on the deficiency judgment. Ms. Rothenberg also commenced an adversary proceeding on August 4, 1989. In that proceeding, Ms. Rothenberg claimed, *inter alia*, that RDK recorded the covenant in violation of the automatic stay which allegedly existed due to the pendency of RDK's involuntary petition. RDK filed a counterclaim seeking the deficiency judgment.

As part of the Chapter 11 proceeding, Ms. Rothenberg filed a Third Amended Plan of Reorganization ("Plan") and Third Amended Disclosure Statement. The Bankruptcy Court confirmed the Plan on February 20, 1990. Article 4 of The Plan provides the following: "If [RDK] is successful in defending Adversary Proceeding 89–0078, refinancing or sale of [Ms. Rothenberg]'s resident [sic] will satisfy all secured and unsecured claims. [Ms. Rothenberg] shall not be able to sell, convey or encumber her residence until the Kaiser dispute is resolved.... [Ms. Rothenberg] shall give to [RDK] a third deed of trust on her residence at 12 Logan Circle ... and *that lien shall be available for payment of whatever allowed claim, secured or unsecured, that [RDK], is found to be owed in this case ....*" (Appellant's Ex. 16

at 4–5.) (emphasis added) Ms. Rothenberg never appealed the Order Confirming the Plan.

In the adversary proceeding, the bankruptcy court ruled, *inter alia*, that the act of recording a covenant not to encumber property by RDK was not a violation of the automatic stay. On RDK's counterclaim, the court ruled that Ms. Rothenberg owed RDK $175,029.63 plus interest. Ms. Rothenberg appealed the court's ruling on the covenant and the court's previous denial of Ms. Rothenberg's motion to amend the complaint. Ms. Rothenberg did not appeal the money judgment.

On March 21, 1996, the Bankruptcy Court issued an order appointing a plan trustee. The court empowered the trustee to take possession, custody and control of the Logan Circle property and to sell the property in order to "permit the immediate payment and full satisfaction of the loans and of any other encumbrances against the Property...." (Appellant Ex. 8 at 9.) The trustee is to exercise these powers "until [Ms. Rothenberg]'s obligations under the Confirmed Plan of Reorganization with respect to claims secured by the Deed of Trust given to secure [RDK] are paid and satisfied in full...." (Id. at 10.) Ms. Rothenberg appealed the Order Appointing Plan Trustee.

Ms. Rothenberg thereafter filed an Emergency Motion for Mandatory Stay of Enforcement of Orders Pending Appeal. On April 4, 1996, the Bankruptcy Judge entered an order denying the motion on the grounds that the court's orders appointing a plan trustee are injunctive relief and that such relief is not subject to a mandatory stay.

■■■ Ms. Rothenberg filed this appeal. Ms. Rothenberg asks this court to stay the bankruptcy court's orders relating to RDK's deficiency judgment as well as the Order Appointing Plan Trustee. As a preliminary matter, the Court denies the motion to stay the order relating to the deficiency judgment. A review of Ms. Rothenberg's appeal briefs demonstrates that the deficiency judgment has not been appealed. The Court, therefore, is without authority to stay a judgment that is not pending appeal. The Court

does, however, have the authority to stay the Order Appointing Plan Trustee which Ms. Rothenberg has appealed.

A stay of proceedings to enforce a judgment is governed by Federal Rule of Civil Procedure 62, via Rule 7062 of the Federal Rules of Bankruptcy. "Unless otherwise ordered by the court, . . . [a] final judgment in an action for an injunction . . . shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal." Fed.R.Civ.P. 62(a). On an appeal from an order granting an injunction, "the court in its discretion may suspend . . . an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Fed.R.Civ.P. 62(c).

Ms. Rothenberg appeals from an order in which the bankruptcy court empowered an individual to liquidate property that is in Ms. Rothenberg's possession. This constitutes injunctive relief. The Court, therefore, must review Ms. Rothenberg's Motion under Federal Rule of Civil Procedure 62(c) as a motion for a discretionary stay.

In addition to Federal Rule of Civil Procedure 62(c), Rule 8005 of the Federal Rules of Bankruptcy Procedure provides an additional basis for suspending injunctive relief. *See In re Kahihikolo,* 807 F.2d 1540, 1541–42 (11th Cir.1987). In order to determine whether a stay is warranted, the movant must establish the following elements: (1) a strong likelihood of success on the merits of its appeal; (2) the movant will suffer substantial irreparable injury if the stay is denied; (3) substantial harm will not be suffered by other parties if the stay is granted; and (4) the stay would not harm the public interest. *Blackwell v. GMAC,* 162 B.R. 117, 119 (E.D.Pa.1993). "A showing of probable irreparable harm is the principal prerequisite for the issuance of a stay." *In re City of Bridgeport,* 132 B.R. 81, 83 (D.Conn.1991). Finally, the Court can reverse the decision of the bankruptcy court only if it finds an abuse of discretion. *Blackwell v. GMAC,* 162 B.R. at 119. The Court holds that the bankruptcy court did not abuse its discretion in denying Ms. Rothenberg's Motion.

The Court finds Ms. Rothenberg will suffer no irreparable harm in this case. According to the Plan, the property is available to satisfy the deficiency judgment. Even if Ms. Rothenberg is successful on appeal she must still satisfy the RDK deficiency judgment that she has not appealed. Furthermore, the Court is satisfied that there exist enough procedural safeguards to ensure that the property will be sold for its fair market value.

In contrast, the record does not demonstrate that substantial harm will not be suffered by RDK if the Logan Circle Property is not sold. The bankruptcy court's findings, which the Court shall uphold unless "clearly erroneous", Fed.R.Bankr.P. 8013, demonstrate that the property is "in disrepair and subject to continuing waste." (Appellant's Ex. 9 at 5.) Not only does this not support the stay sought but it implicates a public interest in the successful completion of a Chapter 11 reorganization.

Finally, the Court concludes that there is not a likelihood of success on the merits. The equity powers of courts are quite broad when necessary to enforce lawful orders. Such power is reflected in the use of an agent to enforce the terms of a Chapter 11 Plan. At this point, the Court cannot conclude that Ms. Rothenberg is likely to be successful on this issue.

Upon consideration of the appeal briefs filed in this case and the entire record, it is by the Court this 31st day of July 1996

ORDERED that the bankruptcy court's Order Denying Stay Pending Appeal, dated April 4, 1996 is AFFIRMED; it is further

ORDERED that Appellant's Emergency Motion to Expedite is GRANTED insofar as the Appellant requests expedited consideration of this matter.