In re CAMDEN ORDNANCE MFG.
CO. OF ARKANSAS, INC.,
Debtor in Possession.

Camden Ordnance Mfg. Co. of
Arkansas, Inc., Appellant,

v.

United States Trustee, Appellee.

Bankruptcy No. 99–13203.
No. 99–CV–4224.

United States District Court,
E.D. Pennsylvania.

Aug. 31, 1999.

John J. Korensko, Baldwin Renner Clark & Korensko, King of Prussia, PA, for Camden Ordinance Mfg. of Arkansas, Inc.

W.J. Winterstein, Jr., Harvey, Pennington, Herting and Renneisen, Ltd., Philadelphia, PA, for Highland Park.

Alan C. Kessler, Bergenfield, NJ, for Creditors Committee.

Ron Williams, Dallas, TX, for ATF.

Ralph Avery, U.S. Army Legal Services Agency, Arlington, VA, pro se.

Doron A. Henkin, Toll, Ebby, Langer & Marvin, Philadelphia, PA, for IMI.

Frederic Baker, U.S. Trustee, Philadelphia, PA, pro se.

Frederick J. Baker, Philadelphia, PA, for Patricia A. Staianok, trustee.

## *ORDER AND EXPLANATION*

BRODY, District Judge.

Before me is a motion for stay of proceedings. It was filed by the debtor in possession in the bankruptcy proceedings, Camden Ordnance Manufacturing Co. of Arkansas, Inc. (Camden). I deny the motion.

Camden was in the business of manufacturing ordnance and munitions. On March 11, 1999, Camden voluntarily filed a Chapter 11 bankruptcy petition. On June 23, 1999, the United States Trustee filed a motion before the bankruptcy court to convert or dismiss the Chapter 11 action pursuant to 11 U.S.C. § 1112(b). On July 14, 1999, the bankruptcy court permitted Camden to file a motion to dismiss. On July 21, 1999, a hearing was held on both motions and the bankruptcy court denied Camden's motion to dismiss and granted the United States Trustee's motion to convert. On July 28, 1999, Camden filed notices of appeal from the bankruptcy court's orders granting the United States Trustee's motion to convert and denying Camden's motion to dismiss. The appeals from the bankruptcy court's orders are still before me. On the same day, Camden filed, in the bankruptcy court, a motion to stay pending the appeal of the bankruptcy court's order to convert. Camden's motion was denied by the bankruptcy court. The denial of the stay was appealed to me pursuant to 28 U.S.C. § 158(a). On August 18, 1999, after a conference in my chambers, I issued a temporary stay pending further order by the court. On August 26, 1999, I ordered the temporary stay lifted and now I deny the motion for stay.

To obtain a stay pending appeal, the moving party must establish all of the following: (1) that there is a strong likelihood of success of the appeal on the merits; (2) that the movant will suffer substantial irreparable injury if the stay is denied; (3) that substantial harm will not be suffered by other parties if the stay is granted; and (4) that issuance of the stay would not involve harm to the public interest. *See In re Blackwell*, 162 B.R. 117, 119 (E.D.Pa.1993). Camden failed to meet its burden on all four prongs.

On the first prong, Camden was unsuccessful in demonstrating a strong likelihood of prevailing on the merits of the appeal. The Bankruptcy Code, 11 U.S.C. § 1112(b), provides that after notice and hearing, for cause shown, the bankruptcy court may convert or dismiss a case, "whichever is in the best interest of creditors and the estate." *Id.* The bankruptcy court has wide discretion to make an appropriate disposition of the case when a

party in interest requests dismissal or conversion. *See In re Smith*, 77 B.R. 496, 500 (Bankr.E.D.Pa.1987), *citing* H.R.REP. NO. 595, 95th Cong., 1st Sess. 405–06 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6361, 6362.

■ Applying 11 U.S.C. § 1112(b), cause must exist to convert or dismiss a bankruptcy case. The bankruptcy court found that cause existed because Camden ceased operations; all creditors present at the hearing, as well as the United States Trustee, favored conversion over dismissal; and the court was unimpressed with the oversight exercised over Camden and its assets by Camden's president, Jerome Roman. *See In re Camden Ordnance Mfg. Co. of Arkansas, Inc.*, No. 99–13203, slip op. at 4–5 (Bankr.E.D.Pa. Aug. 3, 1999). There is substantial evidence in the bankruptcy court record to support the bankruptcy court's concern regarding Roman's ability to oversee the liquidation of Camden. For example, Roman did not know if the lease with Highland Industrial Park, Inc. (Highland), Camden's landlord, was extended. Roman testified, on July 21, 1999, at the hearing of the United States Trustee's motion to convert, that he did not recall if he signed a letter extending Camden's lease with Highland for an additional year. *See* Transcript of hearing at 34–35. Later testimony revealed, however, that the lease was extended from December 1998 to December 1999. *See id.* at 52–53. In addition, Roman testified that, without permission of the bankruptcy court, Camden borrowed money from affiliates to pay salaries after filing the voluntary Chapter 11 petition for bankruptcy. *See id.* at 40–41. A motion was filed on behalf of Camden to reimburse its affiliates for this loan. *See id.* at 41. Judge Scholl noted in his Memorandum that: "The payments for payroll were themselves open to question because of the Debtor's [Camden's] cessation of operations." *See In re Camden Ordnance Mfg. Co. of Arkansas, Inc.*, No. 99–13203, slip op. at 5 (Bankr.E.D.Pa. Aug. 3, 1999). Fi-

nally, Roman testified that Camden would have done a Chapter 11 liquidation plan if the United States Trustee's had not moved to convert or dismiss the case. At best, Roman equivocated on the issue of Camden's interest in pursuing Chapter 11 status. *See* Transcript of July 21, 1999 hearing at 14–15. Judge Scholl stated that "if you [Roman] had gone ahead with the plan, the U.S. Trustee's motion wouldn't have been granted. So I can't see how that could've been any kind of cause factor in changing your goals." *Id.* at 14. Roman acknowledged that "we don't want it [Camden] to stay in Chapter 11." *Id.* at 15. In sum, because of Roman's testimony regarding his oversight of Camden's liquidation, cause existed to convert the case.

Next, applying 11 U.S.C. § 1112(b), conversion or dismissal must be in the best interest of the creditors. The bankruptcy court's finding that conversion was in the best interest of the creditors is supported by the record. For example, all creditors present at the July 21, 1999 hearing in addition to the United States Trustee favored conversion over dismissal. *See In re Camden Ordnance Mfg. Co. of Arkansas, Inc.*, No. 99–13203, slip op. at 4 (Bankr. E.D.Pa. Aug. 3, 1999). The creditors favoring conversion included the Official Creditor's Committee, Camden's landlord (Highland) and Israel Military Industries, Inc. *See id.* at 4–5. Roman asserted that he did not favor Chapter 7 bankruptcy because "nobody will benefit other than possibly the Trustee" and "there wouldn't be anything left for the Creditors." Transcript of July 21, 1999 hearing at 16. The creditors, however, seek conversion and the creditors are the best judge of their own best interests. Therefore, the bankruptcy court's order to convert the case is supported by the record.

The second prong of the standard to obtain a stay pending appeal requires a showing that the movant will suffer substantial irreparable injury. Camden, however, will not suffer substantial irreparable injury if the stay is denied. As stated by

Roman, Camden has ceased business operations. *See id.* at 12. The only remaining issue is how the assets of Camden will be liquidated and distributed. The appointment of a Chapter 7 trustee will facilitate the distribution of the remaining funds to Camden's creditors.

The third prong requires that substantial harm will not be suffered by other parties if the stay is granted. Contrary to this standard, substantial harm will be suffered by other parties if the stay is granted. A stay would result in delay of the liquidation process and all creditors present at the hearing and the United States Trustee supported the conversion of the case.

Camden also fails to establish the fourth prong of the test, that the granting of the stay would not harm the public interest. The issuance of the stay might actually harm the public interest. Because Camden was in the business of operating ordnance and munitions, explosives may still be stored in Camden's plant. Roman testified that: "Anything that we [Camden] produced was explosive, so anything that would be left there would be explosive." *Id.* at 45. Therefore, harm to the public interest may result if the inventory is not properly and expeditiously disposed.

■ I found the bankruptcy court's denial of a stay pending appeal sufficiently supported by the record; therefore, the bankruptcy court did not abuse its discretion in denying the stay. Discretion will be found to have been abused only when "the judicial action is arbitrary, fanciful or unreasonable which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *In re Blackwell,* 162 B.R. 117, 119 (E.D.Pa.1993). In this case, as evidenced by the above application of the four part test for a stay pending appeal, the bankruptcy court's action was not arbitrary, fanciful or unreasonable. Therefore, because Camden failed to meet its burden, I deny a stay pending appeal.