### In re MAX SUGARMAN FUNERAL HOME, INC., EMB Associates, Inc., Debtors.

### Jason MONZACK, Trustee, Plaintiff,

### v.

### ADB INVESTORS, a partnership consisting of Alan D. Brier and other partners; Bristol Associates, Inc., and Dade Service Company, a partnership consisting of Roy Lehrer and Lewis J. Bosler and others, Defendants.

**Bankruptcy Nos. 8200568, 8200569.
Adv. No. 820405.**

United States Bankruptcy Court,
D. Rhode Island.

Dec. 16, 1988.

Jason D. Monzack, Kirshenbaum & Kirshenbaum, Cranston, R.I., trustee.

Z. Hershel Smith, Di Sandro–Smith Associates, Providence, R.I., for trustee.

Robert D. Wieck, Adler, Pollock & Sheehan, Providence, R.I., for ADB Investors.

### ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on November 1, 1988, on the defendant, A.D.B. Investors', Motions for: (1) a Stay, pending appeal, of this Court's Judgment of October 21, 1988, 92 B.R. 9 (Bkrtcy.D.R.I.), and (2) Approval of ADB's proposed Supersedeas Bond. The Trustee objects to the form of the supersedeas bond.

Bankruptcy Rules 7062 and 8005 establish the procedure to be followed by an appellant seeking to stay a judgment of the bankruptcy court.[1]   Under Bankruptcy

---

1.  **Rule 7062.  Stay of Proceedings to Enforce a Judgment.**

Rule 62 FR Civ P applies in adversary proceedings except that an order granting relief

Rule 7062 and FED.R.CIV.P. 62(d), a stay is a matter of right where an interest in property is determined by the judgment.[2] However, "an appellant who desires the stay of a money judgment or of one determining an interest in property should present to the bankruptcy court a supersedeas bond in an amount adequate for the protection of the appellee." 9 Collier on Bankruptcy, ¶ 8005.03, p. 8005–4, 8005–5 (15th ed. 1988). A pledge of property has been held sufficient to satisfy this supersedeas requirement. *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794 (7th Cir.1986). However, the form, the amount, and the sufficiency of the bond generally, are matters within the discretion of and for determination by the bankruptcy court. *Farmer v. Crocker Nat'l. Bank (In re Swift Aire Lines, Inc.)*, 21 B.R. 12, 14 (B.A.P. 9th Cir.1982).

■ After examination of the "Supersedeas Bond Mortgage" submitted by A.D.B. Investors, we conclude that the proposed bond does not adequately protect the interests of the Trustee, pending the appeal, for a number of reasons which include the following: (1) it does not protect against the transfer or encumbering of the subject property; (2) it does not provide for protection against nonpayment of accruing tax obligations, (3) it does not provide for the payment of the SBA loan, which is secured by a mortgage on the property, (4) it does not specify the amount of insurance to be maintained, and (5) it does not include a method for preserving rent paid during the pendency of the appeal.[3]

At the outset, therefore, we require that the supersedeas bond contain an injunction against the defendants alienating, conveying, encumbering, or otherwise interfering with the status of or title to the property located at 458 Hope Street, City of Providence, Rhode Island, more commonly known as the Max Sugarman Funeral Home, until further order of this Court.[4] Said bond should include a similar injunction pertaining to all of the tangible and intangible personal property, equipment, furniture and fixtures located at the above described premises.

In addition, because the effect of the stay is to maintain the status of the property as it existed prior to our October 21, 1988 judgment, which prior status embraced not only the benefits, but also the burdens of ownership, the bond should re-

from an automatic stay provided by § 362, § 922, or § 1301 of the Code, an order authorizing or prohibiting the use of cash collateral or property of the estate under § 363, and an order authorizing the trustee to obtain credit pursuant to § 364 shall be additional exceptions to Rule 62(a).

**Rule 8005. Stay Pending Appeal.**

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. When an appeal is taken by a trustee, a bond or other appropriate security may be required, but when an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States a bond or other security shall not be required.

2. The bankruptcy court has discretion to grant a stay pending appeal in only six enumerated categories, none of which are present here. *See* Bankruptcy Rule 7062 and FED.R.CIV.P. 62(a).

3. We reject appellant's argument that rent is irrelevant, because, in the context of this proceeding, rental income is a factor that is inextricably intertwined with the merits of the controversy. To ignore that fact would be to avoid reality, and would certainly do irreparable harm to creditors, should they ultimately prevail.

4. In order to give meaning to this requirement, a copy of the within order and injunction should be recorded at the appropriate office of land records.

quire A.D.B. to resume and to assume *all* indicia of ownership, including, but not limited to, the obligation to pay taxes, insurance, and mortgage payments, from the date of the judgment, October 21, 1988, until the appeal is concluded.[5] Additionally, appellant should provide the Trustee with continuing assurance of the existence of comprehensive and liability insurance, and fire protection in an amount agreed upon by the parties and, in the event they are unable to agree on the amount of the insurance coverage, to submit the issue to the Court for hearing and determination.

Furthermore, rent collected from the date of the judgment until the appeal is concluded shall be placed in an interest bearing joint escrow account in the names of the Trustee and A.D.B. Investors. Funds in this account shall not be withdrawn without Court approval. Only for the purpose of preserving rent paid during the appeal period, we adopt the existing rent of $4,583.33 per month ($55,000 per year) as the amount Dade Service Company shall pay into said account, until further order. Rent allegedly due the estate prior to our October 21, 1988 decision remains the subject of dispute between the parties.

If a bond is provided, within 10 days, which contains the protections outlined in this Order, the request for a stay of judgment, pending appeal, is granted. If a bond is not provided as required above, the request for a stay is denied. In addition, if a supersedeas bond is approved, and if at any time during the pendency of this appeal, the terms as stated therein are not complied with, said stay shall be automatically vacated.

---

**5.** While we consider ADB to be responsible for the payment of the SBA mortgage during the pendency of this appeal, we recognize that Dade Service Company, as lessee, has agreed to make such payments in accordance with the Modified Judgment dated November 25, 1988.