In re DIAL INDUSTRIES, INC., Debtor.

**Marvin A. SICHERMAN,
Trustee, Plaintiff,**

v.

**OHIO REHABILITATION SERVICES
COMMISSION, et al., Defendants.**

**Bankruptcy No. B91–11721(B).
Adv. No. B91–1184.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Feb. 24, 1992.

Michael D. Zaverton, Cleveland, Ohio, for trustee.

Odella Lampkin, Asst. Atty. Gen., Columbus, Ohio, for Ohio Rehabilitation Ser. Com'n.

Rebecca J. Grunick, Cleveland, Ohio, for Ameritrust Development Bank.

Michael A. Axel, Cleveland, Ohio, for Ameritrust Co., N.A.

Howard S. Rabb, Dworkin & Bernstein Co., Painesville, Ohio, for Chase Bank of Ohio.

Stephen D. Hobt, Cleveland, Ohio, for Huntington Nat. Bank.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

In this Chapter 7 adversary proceeding the Ohio Bureau of Rehabilitation Services Commission (ORSC) seeks a stay of desig-nation and distribution of proceeds pending the prosecution of an earlier filed appeal to the district court. The principal issue for determination is whether a confirmed sale of property pursuant to § 363 of the Bankruptcy Code renders moot the grant of a stay of proceedings pending an appeal.

On April 24, 1991, Marvin A. Sicherman (The Trustee) filed a complaint to sell the personal property of Dial Industries, Inc. (The Debtor). Additionally, the complaint sought to have the Court determine the validity, priority and extent of liens affecting the sale's proceeds. ORSC filed an answer objecting to the complaint to sell, alleging that the Debtor held the personal property in trust for the beneficial interest of ORSC on behalf of the federal government. Following a trial on the matter, judgment was entered authorizing the sale of the Debtor's personal property on July 2, 1991. Thereupon, the Trustee filed his notice of intent to sell on July 9, 1991. In response, ORSC filed a motion to extend the appeal time on July 11, 1991. Said motion was granted and, subsequently, on July 19, 1991, ORSC filed its notice of appeal.

On July 26, 1991, ORSC filed its motion for stay pending appeal. That stay request was denied on July 30, 1991. The sale of the Debtor's personal property occurred on July 31, 1991. A hearing on the Trustee's report of sale was held and concluded on August 1, 1991, wherein the sale was confirmed. On September 25, 1991 the ORSC filed the present motion for stay pending appeal, approximately two months following the sale confirmation. ORSC's supplemental motion to stay was filed on October 1, 1991, seeking a stay of distribution of proceeds.

The ORSC, in support of its stay motion, contends that (1) a distribution of the proceeds would render its appeal moot; (2) there would no longer be an amount in controversy; (3) there would not be an adequate remedy at law.

Procedurally, stays pending appeal are addressed under Rule 8005, Bankr.R.[1]

1. R.8005. A motion for a stay of the judgment, order, or decree of a bankruptcy judge—pend-

Therein, the Bankruptcy Court is authorized to suspend or order the continuation of other proceedings in a case under the Code or make other appropriate disposition pending an appeal which would protect the rights of all parties in interest. Such relief, if granted, may be conditioned by the Court by imposing a bond or other form of security upon the party seeking the stay.

■ In determining the propriety of issuing a stay pending an appeal, one notable commentator has recognized that the issuance of a stay does not necessarily involve relief that is extraordinary.[2] The granting of a stay is within the sound discretion of the court. *See, Resident Advisory Board v. Rizzo*, 429 F.Supp. 222 (E.D.Pa.), *cert. den.*, 435 U.S. 908, 98 S.Ct. 1457, 55 L.Ed.2d 499 (1977); *In re Swift Aire Lines, Inc.*, 21 B.R. 12, 14–15, (9th Cir.B.A.P.1982); *In re Pine Lake Village Apartment Co.*, 21 B.R. 395 (D.C.N.Y. 1982). Generally, the party seeking a stay must demonstrate substantial harm. *Sperry Intn'l. Trade, Inc. v. Govt. of Israel*, 670 F.2d 8 (2d Cir.1982).

■ A uniform judicial standard for the grant of a stay pending appeal pursuant to Rule 8005 is unsettled. Two views are predominant. Some courts adhere to a "judicial discretion" standard in determining the issuance of a stay, (*In re Markman*, 41 F.Supp. 95, 97 (S.D.N.Y.1941); *American Training Svcs., Inc. v. V.A.*, 434 F.Supp. 988, 990 (D.N.J.1977)), while other courts have applied the standards applied to the issuance of preliminary injunctions. *In re Candor Diamond Corp.*, 26 B.R. 844, 847 (Bankr.S.D.N.Y.1983); *In re Hotel Assoc., Inc.*, 6 B.C.D. 1323, 7 B.R. 130, 131–32 (Bankr.E.D.Pa.1980). At bar, the ORSC seeks a stay of designation and distribution of proceeds. This relief is being sought in view of an earlier confirmed sale. As such, the relief sought is primarily injunctive in nature and, accordingly, the standard used in issuing preliminary injunctions will be

considered herein. Under the preliminary injunction standard, the issuance of a stay pending appeal is appropriate only where the following factors are established.

1. A likelihood that the party seeking the stay will prevail on the merits of the appeal;

2. The movant will suffer irreparable injury unless the stay is granted;

3. Other parties will suffer no substantial harm if the stay is granted;

4. The public interest will not be harmed if the stay is granted.

■ In view of these standards, the burden of proof is upon the party seeking the stay to establish each of these factors. That burden must be shown by a preponderance of the evidence. *In re Hamilton*, 95 B.R. 564, 565 (N.D.Ill.1989).

The above factors considered for the granting of a stay pending an appeal must be considered further in view of § 363 of the Bankruptcy Code. [11 U.S.C. 363]. Section 363 of the Code concerns to the use, sell, or lease of estate property. Under subsection 363(b)(1), a trustee, after notice and a hearing, may use, sell, or lease property of the estate, other than in the ordinary course of business. Additionally, the following provisions of § 363(h) and (m) have particular significance to the present case:

§ 363

(h) Notwithstanding subsection (f) of this section the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is ..............;

---

ing appeal must ordinarily be presented to the bankruptcy judge in the first instance. ... [T]he bankruptcy judge may suspend or order the continuation of other proceedings ... or make any other appropriate order....

**2.** Norton Bankruptcy Law & Practice, p. 555, Bankruptcy Rules, 1991–92 Ed.

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owner's; and

(4) such property is not used in the production, transmission ... of electric energy ... or of ... gas for heat, light, or power. [11 U.S.C. 363(h)].

§ 363

(m) The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

The above-quoted language of subsection (h) of § 363 clearly permits the sale of a co-owner's interest in property in which the debtor's estate possesses an undivided ownership interest. None of the restrictions enumerated under § 363(h) precluded such a sale, and the property sold was not pertinent to any interest of a public utility. Thusly, the reversionary interest in the personal property held by the ORSC on behalf of the federal government served as no bar to the sale of the property. *See,* Legislative history to § 363(h), H.R.Rep. No. 595, 95th Cong., 1st Sess. 346 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 56–57 (1978) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5842, 5843, 5963, 6302.

In the Trustee's Notice Of Intent To Sell which was issued on July 8, 1991, there was a 20–day limitation in which parties in interest were authorized to file written objections to the proposed sale. No written objections were filed by any party in interest during the period prescribed. The ORSC's initial motion to stay proceedings was heard and was denied on July 30, 1991.

That stay motion related to the Court's order granting the complaint to sell. The Debtor's personal property was sold at public auction on July 31, 1991, with the Trustee's report of sale being confirmed on August 1, 1991. The ORSC's present stay motion was filed on September 25, 1991.

■ In view of that chronology of events, the Trustee avers that the above language of § 363(m) renders the ORSC's motion for stay a moot issue, leaving no likelihood that the ORSC will prevail on the merits on appeal. Indeed, the ORSC failed in its effort objecting to the Trustee's complaint to sell the personal property, wherein judgment was entered favorable to the Trustee. In pursuit of its appeal of that ruling, the ORSC was unsuccessful in obtaining a stay of proceedings pending appeal. As indicated above, the language of § 363(m) makes it imperative that a stay of an order authorizing the sale of property by a debtor be obtained by the party seeking a reversal on appeal of such an order. In the present case, the objectant, ORSC, was unsuccessful in staying the order which authorized the subject sale. As such, the completion of the sale with a third party who acted in good faith will render moot an appeal from such an order and thereby preclude appellate review. *See, In re Vetter Corp.,* 724 F.2d 52, 54–56 (7th Cir.1983); *In re Garfinkle,* 672 F.2d 1340 (11th Cir.1982); *In re Bleaufontaine, Inc.,* 634 F.2d 1383 (5th Cir.1981); *In re Cada Investments, Inc.,* 664 F.2d 1158 (9th Cir.1981); *In re Royal Properties, Inc.,* 621 F.2d 984 (9th Cir.1980). Regarding the conduct of the public sale in this matter, no challenge was made by any party in interest regarding the propriety of the sale.

The provision of § 363(m), making appeals from such orders moot, subserves the bankruptcy law policy of finality of judgment and enables third parties to rely on such orders and judgments of bankruptcy courts. *See, Norton, supra,* Editor's Comment, pp. 555–556. The impact of § 363(m) removes ORSC's ability to establish the first factor for proving that a stay should issue pending appeal. As such, the motion, generally, must be denied as those four

factors are in the conjunctive and each factor must be established. To the extent that addressment of the remaining three factors may be required, the ORSC's allegations were conclusory and, otherwise, were unsubstantiated.

## CONCLUSION

Accordingly, the ORSC's motion for stay of designation and distribution of proceeds is hereby denied.

IT IS SO ORDERED.