**State of OHIO, Appellant,**

v.

**ROBERDS, INC., Appellee.**

No. C–3–00–434.

United States District Court,
S.D. Ohio,
Western Division.

Aug. 13, 2001.

Timothy C. Winslow, Helen MacMurray, State of Ohio, Attorney General Office, Columbus, OH, for appellee.

Nick v. Cavalieri, Timothy Riedel, Yvette Ackison Cox, Debra Willett, Arter & Hadden, LLP, Columbus, OH, Robert Berner, Arter & Hadden, LLP, Dayton, OH, for appellant.

DECISION AND ENTRY SUSTAINING MOTION TO DISMISS APPEAL (DOC. # 5) FILED BY APPELLEE ROBERDS, INC.; JUDGMENT TO BE ENTERED IN FAVOR OF APPELLEE ROBERDS, INC., AND AGAINST APPELLANT STATE OF OHIO; TERMINATION ENTRY.

RICE, Chief Judge.

The State of Ohio appeals from an order of the U.S. Bankruptcy Court for the

Southern District of Ohio, Western Division, authorizing the augmentation of the Appellee's inventory as part of an asset liquidation. Pending before the Court is the Appellee's Motion to Dismiss the appeal, as moot (Doc. # 5).

## I. *Factual Background*

On January 19, 2000, Appellee Roberds, Inc. ("Roberds"), commenced reorganization under Chapter 11 of the Bankruptcy Code and chose to close nine of its stores, including one in Cincinnati, Ohio, through going-out-of-business sales. Roberds later decided to liquidate the inventory in all of its stores, including six in Ohio. As a result, on May 2, 2000, it filed a motion in the Bankruptcy Court, seeking permission to conduct a complete liquidation of all inventory and other assets. The State objected to the proposed liquidation on the basis that it violated Ohio law. Over the State's objection, the Bankruptcy Court approved the liquidation sale. The Bankruptcy Court also overruled a motion by the State to stay the sale. On July 21, 2000, the State filed a notice of appeal. (Doc. # 1 at Exh. 18). A third-party liquidator completed the sale on September 17, 2000. Roberds filed its pending Motion to Dismiss on September 28, 2000, arguing that the completed liquidation sale has rendered the present appeal moot. As a result, it seeks dismissal of the appeal. (Doc. # 5).

## II. *Analysis*

■ Roberds' Motion to Dismiss implicates the so-called bankruptcy "mootness rule," codified at 11 U.S.C. § 363(m), which provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Although the foregoing provision does not expressly state that an appeal following a completed bankruptcy sale is moot, it has been interpreted in such a manner. The Second Circuit explained the operation of § 363(m) in *In re Gucci*, 105 F.3d 837 (2nd Cir.1997), as follows:

> ... Though this provision in terms states only that an appellate court may not "affect the validity" of a sale of property to a good faith purchaser pursuant to an unstayed authorization, and can even be read to imply that an appeal from an unstayed order may proceed for purposes other than affecting validity of the sale, courts have regularly ruled that the appeal is moot. As one court reasoned, the appeal is moot because "the court has no remedy that it can fashion even if it would have determined the issues differently." Thus, regardless of the merit of an appellant's challenge to a sale order, we may neither reverse nor modify the judicially-authorized sale if the entity that purchased or leased the property did so in good faith and if no stay was granted.
>
> We have recognized that a rule limiting appellate jurisdiction over unstayed sale orders to the issue of good faith furthers the policy of finality in bankruptcy sales, and assists the bankruptcy court to secure the best price for the debtor's assets. This limitation of the issues on appeal generally is warranted where an appellant did not seek a stay pending appeal, and reflects the view that an appellant is rightly burdened with the risks associated with challenging a sale authorization when that appel-

lant did not first seek to stay the sale[.] The limitation also recognizes that this Court may be powerless to undo or rewrite the terms of the consummated sale.

Yet even where an appellant timely moves to stay a judicially-authorized sale, a district court's denial of that motion will similarly limit the issues on appeal. Although an appellant's challenge to a sale authorization might raise meritorious arguments, a district court's denial of a requested stay has the effect of precluding this Court from reviewing those issues, other than the good faith of the purchaser, if the sale has closed in the interim.

*Id.* at 839–40 (citations and footnote omitted).

The Sixth Circuit also has recognized that § 363(m) renders a bankruptcy appeal moot once a sale has been completed. *See In re 255 Park Plaza Assoc. Ltd. Partnership,* 100 F.3d 1214, 1216 (6th Cir.1996) ("Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets. The bankruptcy mootness rule differs from general mootness law because it is based on 'the general rule that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot, and the particular need for finality in orders regarding stays in bankruptcy.' ") (citations omitted).

■ In the present case, the State sought a stay from the Bankruptcy Court, but the request was denied. The State neither appealed that decision nor moved for a stay in this Court, as it could have done under Bankruptcy Rule 8005. Notably, the State *does not* dispute the good faith of the entity that purchased Roberds' assets.[1] As a result, Roberds argues that the present appeal should be dismissed, as moot. (Doc. # 5 at 12–14). In opposition to the foregoing conclusion, the State argues that its appeal involves issues that are capable of repetition and evading review.[2] In particular, the State reasons that "while the going out of business sale involving Appellee Roberds may have been completed, the issue of whether state law permits augmentation of inventory by third-parties conducting such sales remains to be resolved by appellate review."[3] (Doc. # 7 at 3).

■ Upon review, the Court finds the State's argument to be unpersuasive. When determining whether an issue is capable of repetition and evading review, the Court must consider whether: (1) the duration of the challenged action is too short to be litigated before its cessation or expiration; and (2) there is a reasonable ex-

---

1. As noted, *supra,* an exception to the bankruptcy mootness rule allows a post-sale challenge to the good faith of the purchaser of the assets.

2. The State also notes that, under Ohio law, "an exception to mootness can be based solely on the finding that the case involves a matter of 'public or great general interest.' " (Doc. # 7 at 7). The State urges the Court to consider this fact when conducting its "capable of repetition and evading review" analysis. (*Id.* at 7–8). Although "state law may provide exceptions to the bankruptcy mootness rule," *In re 255 Park Plaza Assoc.,* 100

F.3d at 1218, in the present case, the Court agrees with the recent determination in *In re: White's Furniture,* Case No. C2–00–796, slip. op. at 9–10 (S.D.Ohio March 2, 2001) (Marbley, J.), that the State's proposed "interpretation of an obscure Ohio Administrative Code section does not implicate concerns of the 'general public interest.' " As a result, the Court finds Ohio's "public or great general interest" exception to be inapplicable.

3. Among other things, the State challenges the Bankruptcy Court's interpretation of Ohio's "Distress Sale Rule," which is set forth in the Ohio Administrative Code.

pectation that the complaining party will be subjected to the same action again. *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). In the present case, the Court does not dispute that bankruptcy sales often proceed on an expedited basis. Nor does it dispute that the State's legal argument likely will arise again in future bankruptcy actions. Nevertheless, the Court cannot agree that the issue raised in the present action is "evading review" in the sense necessary to avoid mootness.[4] At a minimum, the State's failure to seek a stay from this Court, pursuant to Bankruptcy Rule 8005, prevents it from establishing that the legal issue raised on appeal evaded review because of "the intrinsically elusive nature of the action," as required to avoid a finding of mootness. *Reed v. United States,* 758 F.2d 653, 1985 WL 12967 (6th Cir. Feb.15, 1985) (unpublished) ("The instant cause evades review not because of the intrinsically elusive nature of the action, but because a stay of enforcement was not sought in the district court."); *see also Minnesota Humane Society v. Clark,* 184 F.3d 795, 797 (8th Cir.1999) (recognizing that an issue does not "evade review" when a party has "legal avenues available," including the ability to seek a stay, but fails to utilize them); *In Re: White's Furniture,* Case No. C2–00–796, slip. op. (S.D.Ohio March 2, 2001) (Marbley, J.) (dismissing appeal, as moot, and rejecting State's reliance on "capable of repetition and evading review" exception under circumstances nearly identical to those in the present case).

### III. *Conclusion*

Based on the reasoning and citation of authority set forth above, the Court sus-

---

4. Roberds contends that the "capable of repetition and evading review" exception to mootness does not apply to issues rendered moot by 11 U.S.C. § 363(m). The Court need not

tains the Motion to Dismiss (Doc. # 5) filed by Appellee Roberds, Inc. This appeal is hereby dismissed, as moot.

Judgment will be entered in favor of the Appellee and against the Appellant.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

resolve this issue, however, given that the present case does not meet the requirements of the exception, even if it is potentially applicable.