### In re WIRE ROPE CORPORATION OF AMERICA, INCORPORATED, Debtor.

#### No. 02–50493–JWV.

United States Bankruptcy Court,
W.D. Missouri,
St. Joseph Division.

Dec. 18, 2003.

Douglas M. Weems, Eric L. Johnson, Lisa A. Epps, Scott J. Goldstein, Spencer, Fane, Britt & Browne, LLP, Kansas City, MO, for Debtor.

Sherri L. Wattenbarger, Office of the U.S. Trustee, Kansas City, MO, Carl D. Lothman, Helfrey Simon & Jones, St. Louis, MO, for Interested Parties.

Daniel J. Flanigan, Diane C. Browning, James E. Bird, Polsinelli, Shalton & Welte PC, Kansas City, MO, for Creditor Committee.

## MEMORANDUM OPINION

JERRY W. VENTERS, Bankruptcy Judge.

On October 8, 2003, this Court Ordered the Missouri Division of Workers' Compensation ("Division") and the Missouri Private Sector Individual Self–Insurers Guaranty Corporation ("Guaranty Corporation") to administer and pay the pre-petition and post-petition workers compensation claims of Wire Rope Corporation of America, Inc. ("Debtor") The Guaranty Corporation filed an appeal of that Order, and now requests that the Order be stayed pending its appeal. After reviewing the

Guaranty Corporation's motion and the Debtor's response, the Court finds no basis in this case for staying its Order, and the Motion will be denied.

## I. BACKGROUND

The facts of this case are fully set out in the Court's Order of October 8, 2003 ("Order").[1] After entry of that Order, the Guaranty Corporation—but not the Division—timely filed an appeal to the United States District Court for the Western District of Missouri. Despite the fact that the Court's Order directed the Guaranty Corporation to administer and pay the workers' compensation claims of the Debtor's former employees as required by law, the Guaranty Corporation, through its third party administrator, Corporate Claims Management, has continued to refuse coverage to the injured employees who did not file claims in the bankruptcy proceeding.

When the Debtor learned that one of its injured employees, Francis Crotty, was denied medical coverage by Corporate Claims Management, it sent a letter to the Guaranty Corporation on November 26, 2003, threatening to file a motion for contempt and for sanctions for violation of the Court's Order. The Debtor alleges—and the Guaranty Corporation admits—that the Guaranty Corporation is continuing to tell the 135 injured workers that failed to file proofs of claim in the Debtor's bankruptcy case that they are without coverage, despite the Court's Order to the contrary.

## II. DISCUSSION

For the Guaranty Corporation to obtain a stay of the Court's Order pending appeal, it must show: (1) that it is likely to prevail on the merits of the appeal, (2) that irreparable injury will result if the stay is denied, (3) that the opposing party will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay. *Community Federal Savings and Loan Assoc. v. Stratford Hotel Company (In re Stratford Hotel Company)*, 120 B.R. 515, 516–17 (E.D.Mo. 1990). *See also* Fed. R. Bankr.P. 8005; *Reserve Mining Co. v. United States*, 498 F.2d 1073, 1076–77 (8th Cir.1974). These elements are conjunctive. *In re 1567 Broadway Ownership Assocs.*, 202 B.R. 549, 557 (S.D.N.Y.1996); *Silicon Valley Bank v. Pon (In re Pon)*, 1994 U.S. Dist. LEXIS 2559 at *6 (N.D.Cal.1994). As the movant, the Guaranty Corporation bears the burden of proof on each element by a preponderance of the evidence. *In re Dial Industries, Inc.*, 137 B.R. 247, 250–251 (Bankr.N.D.Ohio 1992). In this case, the Guaranty Corporation has failed to establish the existence of a single element necessary to obtain a stay of this Court's Order.

First, the Guaranty Corporation states that it is likely to prevail on the merits, but it advances no basis for finding that the Court's Order was in error. The Guaranty Corporation merely asserts that there is an "arguable issue on appeal in that the Eighth Circuit has not previously addressed the issues surrounding the Guaranty Corporation's appeal." Without more, an allegation that the Eighth Circuit has not ruled on a particular issue is insufficient to carry the Guaranty Corporation's burden of proof. To the contrary, the fact that the Guaranty Corporation refuses to perform its statutory duties and provide appropriate coverage to the injured employees of a bankrupt company leads the Court to conclude that the Guaranty Corporation is unlikely to prevail on the merits of its appeal.

---

1. *In re Wire Rope Corp. of America*, 300 B.R. 1 (Bankr.W.D.Mo.2003).

Second, the Guaranty Corporation asserts that it is in dire financial condition and that denial of the motion could likely lead to its insolvency. The Corporation argues that it is not a "bottomless pit" of money and that it has less than $400,000.00 in funds available to administer claims made by the injured workers of defunct self-insured employers in Missouri. This argument is dubious, at best. The Guaranty Corporation holds—or should hold—$810,000.00 of the Debtor's money to administer the Debtor's workers' compensation claims. At worst, the Guaranty Corporation estimated that its potential liability for covering all of the Debtor's pre-petition workers' compensation claims might exceed $1,650,000.00; thus, the Debtor apparently tendered sufficient funds to cover any interim compensation obligations in the event this Court's Order should be reversed.[2] Furthermore, courts generally require a special showing of irreparable injury when the order appealed from is a money judgment. *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C.Cir.1958) (stating that mere injuries in terms of money, time and energy, however substantial, do not constitute irreparable injury). In this case, where the Debtor has tendered approximately one-half of the Guaranty Corporation's maximum exposure, which is most likely more than sufficient to cover claims arising while this case is on appeal, the Guaranty Corporation has not established that a failure to stay the Court's Order would lead to irreparable injury. To be completely candid, the Court believes that the Guaranty Corporation is "crying wolf" with its dire predictions of its own insolvency if a stay is not granted in this case.

Third, the Guaranty Corporation contends that the other party will not be substantially harmed if the Court grants a stay. The Guaranty Corporation illustrates the case of Francis Crotty, to whom the Guaranty Corporation denied benefits not simply because Crotty failed to file a proof of claim in the Debtor's bankruptcy, but also because a physician recommended against Crotty undergoing surgery. Crotty is just one of 135 pre-petition injured workers that are encompassed by the Court's Order. In any event, workers' compensation physicians often hold widely differing recommendations for future medical treatment depending on their individual philosophy and source of funding. Merely because one physician recommends against surgery does not mean that Crotty should be denied benefits and an opportunity to obtain a new doctor and adjudicate his claim on the merits. In short, the Court can scarcely think of any greater harm to an adverse party than a hard-working injured employee, who suffers from a legitimate injury, being denied reasonable and necessary medical treatment while painfully waiting for the appellate process to run its course in what—from the perspective of the injured worker—is poppycock. While it is true that Wire Rope might not be harmed by a stay, the injured former employees of Wire Rope would be substantially harmed by a continuing refusal by the Guaranty Corporation to provide medical benefits and other coverages to which the injured employees are entitled under the law.

Fourth, the Guaranty Corporation alleges that the public interest will be served by granting a stay in this case because if it

---

2. As noted in this Court's earlier Order, in the event the Guaranty Corporation is successful, the Debtor may be able to recoup any excess payments tendered to the Guaranty Corporation. *See* 8 CSR § 50–3.010(3)(F) ("When an employer ceases to be self-insured under Chapter 287, RSMo the employer may apply to the Division of Workers' Compensation for the release of the securities held in escrow or trust.").

is successful on appeal it will have saved money relating to the pre-petition workers' compensation claims. While recognizing the *sine qua non* of the Guaranty Corporation's argument, the Court notes that the Guaranty Corporation is holding $810,000.00 of the Debtor's money—nearly one-half of its estimate of what it would take to fully pay all of the Debtor's pre-petition workers' compensation obligations in a worst case scenario—and if the Guaranty Corporation truly believes that it has a meritorious case it can seek to expedite the appeal to reduce its potential exposure. As the Court pointed out in its Order, the public interest in this situation—as established by the Missouri General Assembly—is the protection of injured workers whose employers become insolvent. Granting the requested stay would allow the Guaranty Corporation to continue to flaunt the duties assigned to it by the General Assembly.

Finally, the Debtor urges the Court to deny the Motion as being untimely filed. Its argument has merit. The Guaranty Corporation filed its Notice of Appeal on October 17, 2003. The Motion seeking a stay was not filed until December 8, 2003, after the Debtor's attorneys learned that the Guaranty Corporation was continuing to deny coverage to the injured workers and threatened to file a motion seeking to find the Guaranty Corporation in contempt and for sanctions. Thus, only after it was caught in direct violation of the Court's Order did the Guaranty Corporation belatedly seek a stay of that Order. Under these circumstances, a stay of the Order is not merited.

For all of the foregoing reasons, the Court finds that the Guaranty Corporation has failed to establish any basis for a stay of the Court's Order pending an appeal.

### III. CONCLUSION

The Court will deny the Guaranty Corporation's motion to stay this Court's October 8, 2003 Order. This opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr.P. 9014. A separate order shall be entered pursuant to Fed. R. Bankr.P. 9021.