## In re LEVEL PROPANE GASES, INC., et al., Debtors.

### No. 02–16172.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Jan. 20, 2004.

pana, John A. Gleason, Benesch Friedlander Coplan&Aronoff LLP, Columbus, OH, Karen L. Koozer, Kenneth F. Seminatore, Michael D. Zaverton, Robert S. Balantzow, McCarthy, Lebit, Crystal & Liffman, Robert C. Folland, Thompson Hine LLP, Robert D. Schwartz, Cleveland, OH, for Debtor.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matters before the Court are an In Camera, Ex Parte Emergency Motion by William Maloof For Stay of Completion of Sale on [sic] Park Place Management, Inc., Park Place Inc., Over–Flo Lot, Inc. and Park Place Co. ("Parking Lot Business") as well as an In Camera, Ex Parte Motion For Stay of Completion of Sale on [sic] Level Propane *et al.* ("Propane Business"), filed by William Maloof, *Pro Se.* The issue for the Court to determine is whether William Maloof ("Movant") has satisfied the elements by a preponderance of the evidence in order to have the Court grant a stay pending appeal. Core jurisdiction of this matter is acquired under provisions of 28 U.S.C. § 157(b)(2)(A), 28 U.S.C. § 1334, General Order No. 84 of this district, and Bankruptcy Rule 8005. Upon a duly noticed hearing and an examination of the parties' pleadings, the following constitutes the Court's factual findings and conclusions of law:

\* \* \* \* \* \*

Upon the motion of Level Propane Gases, Inc., *et al.* ("Debtors" or "Debtors in Possession"), this Court entered a Sale Order for the Propane Business on June 27, 2003. (Docket Nos. 1344 & 1721). The Movant had objected to the Debtors' Sale Motion, but his objection was overruled. (Docket No. 1685; Hearing, June 24,

Benesch Friedlander Coplan & Aronoff, Daniel A. DeMarco, David M. Neumann, Cleveland, OH, Dov Frankel, H. Jeffrey Schwartz, Jeffrey Schwartz, Jeremy Cam-

2003). On July 2, 2003, the Movant appealed the Propane Business Sale Order to the district court. (Case No. 1:03CV2038). Subsequently, the Debtors consummated the sale of their Propane Business and title to all assets has been transferred. (Debtor's Memorandum In Opposition To The Emergency Motions For Stay, p. 2). The Court entered the Parking Lot Business Sale Order on December 10, 2003. (Docket No. 2161). This Sale Order was never objected to by the Movant, however, he did appeal the Parking Lot Business Sale Order to the district court. The appeal is pending, but is yet to be docketed. The closing of the Parking Lot Business sale is scheduled to take place on or before January 22, 2004. (Debtor's Memorandum In Opposition To The Emergency Motions For Stay, p. 2).

The Movant now seeks a stay of the completion of the sales of the Propane Business and Parking Lot Business pending the outcome of appeals filed in the district court. (Docket Nos. 2192 & 2193).

\* \* \* \* \* \*

■ Procedurally, stays pending appeal are addressed under Bankruptcy Rule 8005.[1] The granting of a stay pending appeal is within the sound discretion of this Court. *Sicherman v. Ohio Rehabilitation Services Commission (In re Dial Industries, Inc.)*, 137 B.R. 247, 249 (Bankr. N.D.Ohio 1992); Fed. R. Bankr.P. 8005. At bar, Movant seeks the stay of the completion of the sales of both the Propane Business and the Parking Lot Business. Since the sale of the Propane Business has been completed and the sale of the Parking Lot Business is set to close within two weeks, the relief that the Movant seeks is primarily injunctive in nature. Accordingly, these motions for stay will be considered under the standard applicable to preliminary injunctions. *In re Dial*, 137 B.R. at 249.

■ In determining whether the issuance of a stay pending appeal is appropriate the Court is required to balance four factors: (1) the likelihood that the party seeking the stay will prevail on the merits on appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will not be substantially harmed if the court grants the stay; and (4) the public interest in granting the stay. *See e.g., American Imaging Services, Inc. v. Eagle–Picher Indus., Inc. (In re Eagle–Picher Indus., Inc.)*, 963 F.2d 855, 858 (6th Cir.1992); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir.1985); *In re Dial*, 137 B.R. at 249. The party seeking the stay bears the burden of proof to establish these factors by a preponderance of the evidence. *In re Dial*, 137 B.R. at 249; *Rossi, McCreery and Assoc., Inc., et al., v. Abbo (In re Abbo)*, 191 B.R. 680 (Bankr.N.D.Ohio 1996).

### Propane Business

■ The sale of the Debtors' Propane Business was completed in July of 2003. The title to all assets has been transferred and the Debtors are no longer in control of the funds. (Hearing, January 8, 2004). The completion of the sale with a party who acted in good faith moots the appeal of such an order. *In re Dial*, 137 B.R. at 250 (citations omitted). The Sixth Circuit has also recognized that § 363(m) renders

---

1. R.8005. A motion for a stay of the judgment, order, or decree of a bankruptcy judge ... pending appeal must ordinarily be presented to the bankruptcy judge in the first instance.... [T]he bankruptcy judge may suspend or order the continuation of other proceedings ... or make any other appropriate order....

an appeal from a bankruptcy court's order moot once a sale has been completed. *See In re 255 Park Plaza Assoc. Ltd. Partnership,* 100 F.3d 1214, 1216 (6th Cir.1996) (" 'Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets.' The bankruptcy mootness rule differs from general mootness law because it is based on 'the general rule that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot, and the particular need for finality in orders regarding stays in bankruptcy.' ") (citations omitted). *See also, Ohio v. Roberds, Inc.,* 266 B.R. 378, 380 (S.D.Ohio 2001).

In this case, the Movant did not seek a stay of the sale of the Debtors' Propane Business in a timely manner. In fact, the Movant waited more than six months after the sale was completed to file the motion to stay the sale. (Docket No. 2192). A stay of the Propane Business Sale Order cannot undo the sale of the assets to a good faith purchaser. *In re Dial,* 137 B.R. at 250. The Movant's failure to seek a stay prior to the completion of the stay has rendered the issue moot. *Id.*

### Parking Lot Business

■ The Movant does not have standing to appeal this Court's Parking Lot Business Sale Order. The Movant admits that even though he attended the sale of the Debtors' Parking Lot Business he did not object to such sale. (Hearing, January 8, 2004). The Movant claims that his appeal to the district court is his objection. However, the Movant lacks standing to appeal because of his failure to object. In order to have standing to appeal a bankruptcy court order, a party must be a "person aggrieved" by such order. The prerequisites to being an aggrieved person include attendance at the hearing and objection. *See Lloyd v. Webster Apartments*

*Co.,* 135 F.2d 971, 973–74 (6th Cir.1943); *In re Commercial Western Finance Corp.,* 761 F.2d 1329, 1334–35 (9th Cir.1985); *In re Schultz Manufacturing Fabricating Co.,* 956 F.2d 686, 690 (7th Cir.1992); *In re Weston,* 18 F.3d 860, 864 (10th Cir.1994). Although the Movant appeared at the Parking Lot Business sale hearing, by his own admission, he failed to object. (Hearing, January 8, 2004). Therefore, he has no standing to assert the instant motion for stay.

■ Even if the Movant was found to have standing to bring these present motions, he has failed to demonstrate any of the factors required for issuing a stay pending appeal by a preponderance of the evidence. Indeed, the Movant has failed to put forth any competent evidence for this Court to consider. The Movant made no argument as to the merits of his appeal to the district court. The Debtors, however, established that all of the major creditor constituencies supported the sales of both the Propane Business and the Parking Lot Business. Further, the Debtors maintain that the sale hearings demonstrate that extensive sale processes were conducted and the best price for the assets were obtained. The Movant also failed to establish any evidence of irreparable harm. To this point, Movant stated only that he believed the Debtors could have received more money for the assets at the sales and that the denial of his motion would render his appeal moot. (Hearing, January 8, 2004). The Movant gave no competent evidence to support his contention that the Debtors could have sold the assets of either business at a higher price. Upon the findings made herein, the Movant will also not suffer irreparable harm if his motion is denied, as none can be shown, and this Court's ruling is not final. While the Movant failed to establish irreparable harm to himself, the Debtors and other parties in

interest may suffer harm if the stay is granted. The sale of the Parking Lot Business is scheduled to close on January 22, 2004. If the stay is granted the Debtors could suffer various harms including loss of the purchaser, inability to finance business operation and loss of jobs. The Movant failed to establish by a preponderance of the evidence that these harms were not likely to occur. Lastly, the public interest is served in having finality to bankruptcy court sale orders.

\* \* \* \* \* \*

Accordingly, the motions for stay are denied. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

#### *JUDGMENT*

A Memorandum Of Opinion And Order having been rendered by the Court in this matter,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion filed by William Maloof for stay of completion of sale of Park Place Management, Inc., Park Place Inc., Over–Flo Lot, Inc. and Park Place Co. and the motion filed by William Maloof for stay of completion of sale of Level Propane *et al.* are denied. Each party is to bear its respective costs.

IT IS SO ORDERED.