In re INNOVATIVE COMMUNICATIONS, Debtor.

In re Jeffrey Prosser, Debtor.

Nos. 06–30008, 06–30009.

United States Bankruptcy Court, D.Virgin Islands, Division of St. Thomas and St. John.

May 28, 2008.

Douglas P. Bartner, Gloria Lai Huang, Lynette C. Kelly, Scott C. Shelley, Shearman & Sterling, LLP, New York, NY, Micheala Christine Crocker, Vinson & Elkins, L.L.P., Dallas, TX, for Debtor.

Andrew Kamensky, Craig V. Rasile, Hunton & Williams, Miami, FL, Benjamin A. Currence, Benjamin A. Currence, P.C., St. Thomas, VI, Daniel C. Stewart, James Jay Lee, Vinson & Elkins, Dallas, TX, for Trustee.

Scot F. McChain, Law Offices of Scot F. McChain, PC, Christiansted, VI, for Counter-Claimant.

Adam G. Christian, Law Office of Hodge & Francois, St. Thomas, VI, for Intervenor.

## MEMORANDUM OPINION[1]

JUDITH FITZGERALD, Bankruptcy Judge.

The matter before the Court is the Motion for a Stay Pending Appeal, or in the Alternative for a Temporary Restraining Order and Preliminary Injunction, and Request for an Expedited Hearing ("Motion for Stay"), Doc. No. 1456,[2] and corresponding Memorandum in Support, Doc. No. 1457, filed by Jeffrey J. Prosser ("Prosser"). The Motion seeks an emergency stay, pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure, pending the determination of Prosser's appeals of two orders, the Order Declaring That the Terms and Conditions of Settlement of Claims of RTFC, CFC, Prosser Parties, and Greenlight Entities Is Not Assumable, entered on August 2, 2007, Doc. No. 725, ("Terms and Conditions Order"), and the Order denying Prosser's request that this Court reconsider its Order converting his personal case to Chapter 7, entered November 29, 2007, Doc. No. 1058 ("Order Denying Reconsideration and Stay"). In the alternative, Prosser requests a temporary restraining order and preliminary injunction, pursuant to Rule 7065, enjoining

the Trustees for each bankruptcy case, from attempting to sell or otherwise dispose of property and assets of said bankruptcy estates. Objections were filed by the Stan Springel, the Chapter 11 Trustee of the bankruptcy estates of Innovative Communications Company, LLC and Emerging Communications, Inc. (Case No. 06-30007), Doc. No. 1498, and the Rural Telephone Finance Cooperative ("RTFC"), Doc. No. 1486. James P. Carroll, the Chapter 7 Trustee of the estate of Jeffrey J. Prosser joined the objection of the Chapter 11 Trustee, Doc. No. 1501.

## BACKGROUND

On February 10, 2006, Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Limited. (collectively, "Greenlight"), filed involuntary petitions for relief against ICC–LLC, Emerging, and Prosser. Eventually, all three debtors filed their own voluntary bankruptcy cases.

On April 26, 2006, during the pendency of the involuntary cases, the parties (ICC–LLC, Emerging, Prosser, New ICC (Case No. 07–30012), Greenlight and RTFC) executed the Terms and Conditions of Settlement of Claims of RTFC, the National Rural Utilities Cooperative Finance Corporation ("CFC"), Prosser Parties (as defined therein), and Greenlight ("Terms and Conditions"), which settled the numerous lawsuits and other disputes between parties and additionally provided Prosser and other ICC-related parties the option to discharge the RTFC and Greenlight judgments of more than $650 million on or before July 31, 2006, the Payment Deadline, for $402 million.

---

1. The Court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

2. Unless noted otherwise, Doc. Nos. refer to Case No. 06–30009.

On July, 31, 2006, due to their inability to comply with their obligations under the Terms and Conditions, ICC–LLC, Emerging, and Prosser each filed voluntary petitions for relief under Chapter 11, commencing the above-referenced bankruptcy cases.

On August 2, 2007, this Court entered its Terms and Conditions Order.

On October 3, 2007, this Court entered its Order Converting Case to Chapter 7, Doc. No. 865 ("Conversion Order"), thereby converting Prosser's case from a case under Chapter 11 to a case under Chapter 7. John Ellis was originally appointed the Chapter 7 Trustee, but effective October 31, 2007, James P. Carroll was appointed the Chapter 7 Trustee for the Prosser bankruptcy estate.

On October 5, 2007, Prosser filed his Motion to Reconsider the Court's Conversion Order, Doc. No. 870, and Emergency Motion To Stay, which requested a stay pending the Motion to Reconsider and any appeals of the Conversion Order. On November 29, 2007, this Court entered the Order Denying (I) Jeffrey Prosser's Motion for Reconsideration of Order Converting Case to Chapter 7 and (II) Debtor's Emergency Motion for Stay, Doc. No. 1058. The November 29 Order denied both the Motion to Reconsider and the Emergency Motion To Stay with prejudice.

On March 20, 2008, Prosser filed the Motion for Stay at issue. Prosser also filed a nearly identical motion with the U.S. District Court of the Virgin Islands Division of St. Thomas & St. John. Emergency Motion for a Stay Pending Appeal, Or in the Alternative For a Temporary Restraining Order, Civil No. 2007–105, Doc. No. 27; Memorandum in Support, Civil No. 2007–105, Doc. No. 28. On April 30, 2008, the U.S. District Court of the Virgin Islands Division of St. Thomas &

St. John denied Prosser's motion. Memorandum Opinion, Civil No. 2007–105, Doc. No. 40; Order, Civil No. 2007–105, Doc. No. 41.

## DISCUSSION

### I. Motion for a Stay Pending Appeal

#### A. Order Denying Reconsideration and Stay

As stated above, this Court has already denied, with prejudice, Prosser's initial request for a stay of the Conversion Order pending appeal. *See* Order Denying (I) Jeffrey Prosser's Motion for Reconsideration of Order Converting Case to Chapter 7 and (II) Debtor's Emergency Motion for Stay, Doc. No. 1058. Prosser seeks precisely the same relief regarding the Conversion Order as was previously denied. The Trustees and the creditors of Prosser's estate have all significantly relied upon the conversion order since its issuance on October 3, 2007. This Court's prior denial of Prosser's motion to stay the conversion order constitutes the law of the case and warrants denial of this second request to stay the Conversion Order.

#### B. Terms and Conditions Order

 Both sides agree that the Court must consider four factors when ruling on the Motion for Stay: (1) whether Prosser is likely to succeed on the merits of the appeal; (2) whether Prosser will suffer irreparable injury if a stay is not granted; (3) whether a stay would substantially harm other parties in the litigation; and, (4) whether a stay is in the public interest. *See Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir.1991), *In re S.A. Holding Co. L.L.C.*, 2007 WL 1598113 *1 (D.N.J.2007), *In re Cujas*, 376 B.R. 480, 485 (Bankr.E.D.Pa. 2007). As the party seeking a stay, Prosser bears the burden of proof on these factors by a preponderance of the evi-

dence. *See, e.g., In re Wire Rope Corp. of Am., Inc.,* 302 B.R. 646, 648 (Bankr. W.D.Mo.2003), *In re Level Propane Gases, Inc.,* 304 B.R. 775, 777 (Bankr.N.D.Ohio 2004), *In re Texas Health Enters., Inc.,* 255 B.R. 185, 187 (Bankr.E.D.Tex.2000), *In re Eastman Kodak Co. v. Bayer Corp.,* 2005 WL 3090985 *1 (S.D.N.Y.2005).

As noted by Judge Agresti in *In re Countrywide Home Loans, Inc., a/k/a Countrywide Funding Corp.,* 387 B.R. 467 (Bankr.W.D.Pa.2008), whereas the stay factors themselves are well established, there is not uniformity of judicial opinion as to what test to apply when deciding whether to grant a stay. Some courts hold that a movant's failure to satisfy any one of the four factors will defeat a motion to stay. *See, e.g., In re Blackwell,* 162 B.R. 117 (E.D.Pa.1993), *In re S.N.A. Nut Co.,* 1996 WL 31155 (N.D.Ill.1996). Other courts stress a more flexible "balancing" of all the factors, so that a movant's failure to demonstrate one or more of them is not necessarily fatal to the stay request. *See, e.g., In re Bankr. Appeal of Allegheny Health, Educ. & Research Found.,* 252 B.R. 309, 321 (W.D.Pa.1999). The Third Circuit has stressed that a decision on a motion for stay should reflect the "individualized considerations relevant to the case at hand." *Republic of Philippines,* 949 F.2d at 658. In light of this direction the Court concludes that the balancing approach represents the better view and adopts it in analyzing Prosser's motion. The Court now turns to a review of the four factors.

### (1) Likelihood of Success on the Merits

As is true with the test for a stay, courts have taken different approaches with respect to this factor. Because Judge Agresti artfully analyzed the various approaches, we quote his decision in *Countrywide, supra:*

Some courts have simply indicated that this factor requires a focus on the strength of the case the movant will be able to present on appeal. *See, e.g., In re Polaroid Corp.,* 2004 WL 253477 *1 (D.Del.2004). Taking this approach does put a court in the somewhat awkward, though not impossible, position of trying to objectively assess the likelihood that its ruling will be upheld on appeal. Other courts avoid this self-assessment difficulty by instead focusing on whether the movant seeks to raise issues on appeal that are substantial, serious, and doubtful so as to make them fair ground for litigation. *See, e.g., In re Lickman,* 301 B.R. 739, 743 (Bankr. M.D.Fla.2003). Finally, a few courts have adopted a "sliding scale" measure under which the movant's burden of showing a likelihood of success will vary depending on the "balance of hardships" the parties will suffer if a stay is not granted. *Cujas,* 376 B.R. at 486. In other words, under this view if the balance of harm tips decidedly to the movant, then the movant need not show as strong a likelihood of success on the merits as when the balance is more even, or in the respondent's favor. *Id.*

The Court sees some merit in all of these approaches and does not view them as necessarily being mutually exclusive in application. Rather, they are different ways of looking at the same thing and all may be brought to bear in reaching an overall conclusion as to whether [Movant, Prosser] has met [his] burden as to this factor.

In order to support a finding of a strong likelihood of success on appeal, Prosser argues that the Court was incorrect, as a matter of law, in ruling that the Terms and Conditions is not an executory contract

and therefore not assumable under § 365 of the Bankruptcy Code. To support this assertion, Prosser merely rehashes old arguments that were previously considered by this Court and ruled against him. Without restating every ruling the Court previously made, the Court will recite only one: Prosser was never able to pay $402 million and, thus, could not satisfy the basic condition for assumption.

Additionally, this Court concluded that even if the Terms and Conditions were executory, Prosser could not assume the agreement because assumption under § 365 would require him to assume all the benefits and the burdens of the Terms and Conditions, including but not limited to, the self-effectuating termination provision which states "[i]f, however, the Payment is not made on or before the Payment Deadline, then effective upon 12:01 a.m. on August 1, 2006, the Payment Documentation shall be returned to RTFC and the Greenlight Entities and shall become void and of no further force or effect." Terms and Conditions at 5. Prosser's failure to meet the Payment Deadline nullified the releases of judgments and liens, leaving Prosser and New ICC liable for the full amount of the RTFC and Greenlight judgments. Consequently, any ostensible assumption of the Terms and Conditions would provide absolutely no benefit to the various bankruptcy estates. Even if the District Court were to conclude that this Court erred in holding that the Terms and Conditions is not executory, this Court's alternative ruling that the Payment Documentation is void, constitutes an independent ground for the District Court to affirm the Terms and Conditions Order.

Prosser failed to demonstrate a strong likelihood of success on the merits in its appeal.

### (2) Irreparable Injury to Prosser

Prosser argues that he will suffer irreparable harm should a stay or injunction not be granted because the Trustees have sold some assets and are seeking to sell additional allegedly irreplaceable and unique assets, including but not limited to fine art, real property, and subsidiary business entities. Prosser asserts that the sale of these assets will impair the ability to consummate the Terms and Conditions and a plan of reorganization if the appeals are successful.

However, it is unclear why the cash proceeds of the sale of these items cannot be used to consummate the Terms and Conditions or plan of reorganization. In fact, the RTFC, the major secured creditor, has asserted that cash is the only way to pay the $402 million Prosser asserts is due under the Terms and Conditions or to confirm a Plan to satisfy creditors. There is no irreparable injury to Prosser, who, despite efforts that encompassed nearly a year and a half during the case to find financing or investors or purchasers to satisfy the $402 million he agreed to pay in the Terms and Conditions, failed to do so. He was given a year longer to comply with them than the Terms and Conditions provided before this Court declared them not to be assumable. That is, his deadline to pay the $402 million expired July 31, 2006, and this Court's order was entered on August 2, 2007. He then had two additional months before the case was converted to Chapter 7. At no time in the 20 months of his Chapter 11 case was Prosser able to perform the Terms and Conditions.

### (3) Substantial Harm to Other Parties in the Litigation

Prosser argues that no party will suffer any recognizable harm if a stay or injunction is granted. Prosser states that the injunction will be of a short duration because the appeals at issue have been fully and completely briefed and that the assets

that have been liquidated and which the Trustees seek to sell are not depreciating. He provides no cogent reason why this motion is presented now, after the Court denied his first motion to say six months ago. His assertion that circumstances have changed because the Trustees are selling assets rings hollow. The Trustees are administering the estates, as they have from the dates of their appointments, in a manner contemplated by the Bankruptcy Code. Prosser provides no support for the argument that the other parties to the litigation will not suffer any recognizable harm. On the other hand, the Chapter 11 Trustee and the RTFC point out that substantial time, effort, and resources have been devoted to establishing, obtaining Court approval of, and implementing Court-approved sale procedures for various assets. The Trustees are reviewing expressions of interest, and interested parties are performing due diligence. The cessation of the Trustees' ability to sell assets, resulting from a stay, would waste these efforts, cause a waste of estate resources and result in unwarranted expense, all of which would cause substantial harm to the creditors.

### (4) The Public Interest

Prosser argues that the public interest weighs in favor of granting a stay or preliminary injunction as there is a strong public interest in providing a debtor with a full and fair opportunity to reorganize. However, Prosser had a full opportunity to reorganize and the public interest does not lie with Prosser. The Chapter 11 Trustee is acting on behalf of the public interest by cooperating with various governmental and regulatory authorities, and stabilizing New ICC through its operating subsidiaries.

### (5) Balance of the Four Factors

As indicated previously, the Court believes that a balancing approach is appropriate when considering the four factors used to determine whether to grant a stay.

The Court concludes that the overall balancing test favors the position of the Chapter 11 Trustee, the RTFC, and the Chapter 7 Trustee and therefore concludes that the Motion for Stay must be denied. Prosser has failed to demonstrate a likelihood of success on the merits of the appeals. Prosser has failed to establish irreparable harm, that a stay is in the public interest or that the other parties to the litigation will not be irreparably harmed. Thus, there is no basis for a stay pending appeal.

### II. Temporary Restraining Order and Preliminary Injunction

■■■ In the Third Circuit, in order to enter a temporary restraining order or a preliminary injunction, the court "must be convinced that the following factors favor granting preliminary relief: (1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." *Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharms. Co.,* 290 F.3d 578, 586 (3d Cir.2002). Because the grounds Prosser must prove to obtain a temporary restraining order and/or a preliminary injunction are identical to that which he must prove to obtain a stay pending appeal, the Court incorporates the discussion above. Accordingly, Prosser is similarly not entitled to any injunction or temporary restraining order.

### III. Supersedeas Bond

■■■ The RTFC requested that if the Court grants a stay, the Court require Prosser to post a supersedeas bond, pursuant to Bankruptcy Rule 8005, sufficient to cover the value of any potential sales that would be stayed. The "purpose of a supersedeas bond is to preserve the status

quo while protecting the non-appealing party's rights pending appeal." *Culwell v. Texas Equip. Co., Inc.,* 283 B.R. 222, 229 (Bankr.N.D.Tex.2002). " 'The bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.' " *Id.* (quoting *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190–91 (5th Cir.1979)). *See also, Crane v. Buckley,* 203 U.S. 441, 27 S.Ct. 56, 51 L.Ed. 260 (1906). The amount of the bond and the sufficiency of the sureties are matters of discretion of and for determination by the Bankruptcy Court. *In re Max Sugarman Funeral Home, Inc.,* 94 B.R. 16 (Bankr.D.R.I.1988). The Court finds that a supersedeas bond would be necessary under the present circumstances, considering the size of the claims (over $650 million for RTFC and Greenlight), and considering recently filed claims by the PBGC and other entities. Thus, a bond in the amount of $700 million would be necessary if the Court were to grant a stay pending appeal, which the Court will not do.

## CONCLUSION

Based on the discussion above, the Court will enter an order denying Prosser's request for an emergency stay pending the determination of the two appeals and denying Prosser's alternative request for a temporary restraining order and preliminary injunction.

Appropriate orders will be entered.

## ORDER DENYING JEFFREY J. PROSSER'S MOTION FOR A STAY PENDING APPEAL, OR IN THE ALTERNATIVE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**AND NOW,** this 28th day of May, 2008, for the reasons stated on the record on May 23, 2008, and in the foregoing Memorandum Opinion, it is **ORDERED** that the motion for stay pending appeal, or in the alternative for a temporary restraining order and preliminary injunction is **DENIED.**

It is **FURTHER ORDERED** that the Chapter 11 Trustee shall serve a copy of the Memorandum Opinion and this Order on all parties in interest who do not receive electronic notice and shall file a certificate of service forthwith.