**EDWIN C. CROUCH,**
**JAMES J. HEYING, and**
**JEFFREY J. PROSSER, Plaintiffs**

**v.**

**CORNELIUS B. PRIOR, JR.,**
**ROBERT A.R. MACLENNAN,**
**ANDREW F. LANE,**
**ALAN HASSELWANDER, J.B. ELLIS,**
**and HENRY WHEATLEY, Defendants**

Civ. No. 1995-108-F-STX

District Court of the Virgin Islands

Div. of St. Croix

November 7, 1995

JOEL E. HOLT, ESQ., DIANE M. RUSSELL, ESQ., (HOLT & RUSSELL) Christiansted, St. Croix, U.S.V.I., *for Plaintiffs*

RICHARD B. DRUBEL, ESQ., CHARLES R. ESKRIDGE, III, ESQ., GEOFFREY L. HARRISON, ESQ. (SUSMAN GODFREY L.L.P.) Houston, Texas, *for Plaintiffs*

GEORGE H.T. DUDLEY, ESQ., HENRY L. FEUERZEIG, ESQ., J. DARYL DODSON, ESQ., (DUDLEY, TOPPER AND FEUERZEIG), St. Thomas, U.S.V.I., *for Defendants*

JOHN L. WARDEN, ESQ., DIANE D'ARCANGELO, ESQ., (SULLIVAN & CROMWELL), New York, New York, *for Defendants*

FINCH, *Judge*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on defendants' motion for stay pending appeal.[1] The parties presented arguments to this Court on November 3, 1995. For the reasons set forth in this memorandum opinion, defendants' motion will be denied.

On October 25, 1995, this Court issued an order granting plaintiffs' motion for a preliminary injunction and an accompanying opinion. In its opinion, this Court clearly signified that it was returning the parties to the status quo that existed on July 24, 1995. A Delaware court has before it a separate case relating to the corporate governance of ATN. That court issued a status quo order maintaining the status quo that existed after July 25, 1995.

Plaintiffs opposed a grant of a stay. They contended that defendants cannot meet their burden of making an adequate showing for each of the four factors that a court examines in deciding to grant or deny a stay. In addition to opposing a grant of a stay, plaintiffs requested an order that more specifically details the nature of the status quo that existed on July 24, 1995. They claimed that plaintiffs will suffer irreparable harm if this Court grants a stay of the preliminary injunction, thereby permitting the new Board to be in control of ATN.

The court exercises its discretion when deciding whether to grant or deny a stay. *Resident Advisory Board v. Rizzo*, 429 F. Supp. 222, 224 (E.D. Pa. 1977), *modified on other grounds*, 564 F.2d 126 (3d Cir. 1977), *cert. denied*, 435 U.S. 908 (1978); *Evans v. Buchanan*, 424 F. Supp. 875, 879 (D. Del. 1976), *aff'd as modified*, 555 F.2d 373 (3d Cir.), *cert. denied sub nom Newark Sch. Dist. v. Evans*, 434 U.S. 880 (1977). The moving party seeking a stay must show: (1) the likelihood of prevailing on the merits of the appeal; (2) irreparable injury to the moving party will occur if the court denies the stay; (3) the stay will not cause substantial harm to other parties; and (4) the stay

---

[1] Defendants filed a memorandum of law in support of their motion, as well as a supplemental exhibit. Plaintiffs filed a response to defendants' motion and a reply to defendants' memorandum of law in support of the motion.

will serve the interests of the public.[2] *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970), *aff'd*, 436 F.2d 1116 (4th Cir. 1971); *Resident Advisory Board*, 429 F. Supp. at 224.

## A. Success on the Merits of the Appeal

Defendants failed to show that they are likely to succeed on the merits of their appeal. The moving party must show the likelihood of prevailing on the merits of the appeal. *Long*, 432 F.2d at 979; *Resident Advisory Board*, 429 F. Supp. at 224. In its October 25th opinion, this Court held that defendant Prior violated federal securities laws by soliciting more than ten persons without complying with proxy registration requirements. Nothing in the submissions of counsel or arguments presented at the hearing on the stay convince this Court otherwise. While there is always a possibility that an appellate court will reverse a lower court's ruling, defendants' arguments on this issue do not rise to the level of a showing of a likelihood of success on the merits of the appeal.

## B. Irreparable Injury

Defendants argued that they will suffer irreparable injury if this Court denies their motion for a stay. They contended that the preliminary injunction returned ATN to a deadlocked state. They argued that granting injunctive relief to plaintiffs did greater irreparable harm to ATN and the corporation's shareholders and subsidiaries than granting a stay will do to plaintiffs. Defendants' written memoranda and oral arguments fail to make an adequate showing that defendants will suffer irreparable injury unless this Court grants a stay.

## C. Harm to Other Parties

Defendants claimed that granting a stay pending appeal will not harm plaintiffs. They suggested that the Delaware court's status quo order adequately protected plaintiffs' interests. This Court declines to accept that suggestion. In the Court's opinion accompanying the grant of a preliminary injunction, this Court deter-

---

[2] Courts use a slightly similar analysis in deciding whether to grant a preliminary injunction. *See Evans*, 424 F. Supp. at 879 n.21; *see also* Richards v. Antilles School, 1994 WL 752718, at *1 (D.V.I. Oct. 4, 1994) (Finch, J.) (noting the similarities between the analyses).

mined that plaintiffs would suffer irreparable harm should a preliminary injunction not issue. None of the submissions or arguments presented since the Court issued its Opinion persuade the Court that defendants have shown that substantial harm to plaintiffs will fail to occur if the Court issues a stay pending appeal.

### D. Public Interest

Defendants claimed that, even if a party cannot show a likelihood of success on the merits, a stay should issue if the showing regarding the public interest factor weighs in favor of granting the stay. Defendants presented arguments that circumstances bearing on the public interest factor significantly changed after this Court granted the preliminary injunction. They point to what they consider to be a confusing state of affairs regarding who has authority to make decisions affecting ATN and VITELCO. They claimed that the public is harmed by this confusion, because the Virgin Islands and VITELCO are in the midst of recovering from the devastating effects of Hurricane Marilyn which struck the Virgin Islands on September 15-16, 1995. Moreover, they argued that a greater need for a unified ATN Board of Directors also exists because of recent action taken by the Public Utilities Commission ("PUC") in Guyana that will prove unfavorable for ATN and GT&T. Defendants contended that the public interest is better served by the Delaware court's status quo order that maintains the status quo existing after July 25, 1995 than the status quo for which this Court provided by granting the preliminary injunction.

These arguments put forth by defendants, however, are not evidence. There is no evidence before this Court to show that the public interest will be harmed by this Court denying a stay pending appeal. Consequently, defendants failed to make an adequate showing regarding this factor.

At the hearing on the stay, defendants cited to *Territorial Court v. Richards*, 674 F. Supp. 180 (D.V.I. 1987), *aff'd*, 847 F.2d 108 (3d Cir.), *cert. denied*, 488 U.S. 955, 102 L. Ed. 2d 380, 109 S. Ct. 390 (1988), to support the proposition that a strong showing regarding the public interest factor may favor granting a stay even if there is no likelihood of success on the merits. The public interest at stake in that case was the strong interest of the people of the Virgin Islands

in having a definitive determination made of the relationship between the Inspector General of the United States Department of Interior and the Territorial Court of the Virgin Islands. *Id.* at 182-83. The Inspector General had sought to audit the Territorial Court. *Id.* at 181-82.

The court considered that the proposed audit raised a "unique issue" that was "one of first impression" in that it raised the constitutional issue of separation of powers regarding the relationship between the federal government and a United States territory. *Id.* at 182-83. Noting that the question was subject to plenary review on appeal, the court expressly stated that "especially where the question involves constitutional assignment of power" there exists "an inherent public interest in the application of the proper law." *Id.* at 183.

█ This Court declines to view the public interest arguments made by defendants regarding the need for unified corporate governance as being as strong as the public interest involving the constitutional issue of separation of powers addressed in *Richards*. The circumstances that exist with ATN and its subsidiaries have an effect on the public, because those subsidiaries provide vital telecommunications services. The public interest in the affairs of its telephone company do not rise to the level of the public interest in ensuring the proper relationship between the branches of government. Consequently, defendants failed to make the required showing regarding the public interest factor.

As with a grant of a preliminary injunction, the Court exercises its equitable discretion in deciding whether to grant or deny a stay. After weighing the factors relevant to whether a stay must issue, this Court concludes that defendants have failed to show that they are entitled to a stay of the preliminary injunction granted on October 25, 1995. Accordingly, for the foregoing reasons, defendants' motion for a stay pending appeal is hereby denied. An appropriate order follows. Furthermore, that order provides details concerning the status quo provided for by the preliminary injunction that this Court granted on October 25, 1995.

## ORDER OF THE COURT

THIS MATTER comes before the Court on defendants' motion for a stay pending appeal. The parties came before this Court for a hearing on November 3, 1995.

After considering the evidence adduced, oral arguments, and written memoranda of counsel and for the reasons disclosed in the Memorandum Opinion of even date, it is hereby

ORDERED that defendants' motion for stay pending appeal is DENIED. For the reasons set forth in this Court's Opinion of October 25, 1995, it is hereby further

ORDERED that, pending final judgment by this Court, defendants, their agents, servants, employees and those acting in concert with them, directly or indirectly, shall not exercise any rights regarding control or management of ATN which derive from Prior's proxy solicitation, nor take any action based upon the consents obtained by Prior; and it is further

ORDERED that, pending final judgment of this Court, the governance of ATN and its subsidiaries shall reflect the status quo on July 24, 1995 immediately before Prior filed his consents purporting to change the corporate governance of ATN, including without limitation: (i) the boards of directors of ATN and each of its subsidiaries shall be constituted as they were on July 24, 1995; and (ii) Prosser and Prior shall function as co-Chief Executive Officers of ATN; and it is further

ORDERED that no person shall take any action or cause any action to be taken, which is at variance with the terms of this Order.

It is SO ORDERED.