In re SANDENHILL, INC.

Civ.A. No. 03–MC–234.

United States District Court,
E.D. Pennsylvania.

Jan. 30, 2004.

---

Thomas C. Sullivan, Marks & Sokolov LLC, Philadelphia, PA, for Plaintiff.

Michelle S. Walker, Braverman Daniels Kaskey Ltd., Philadelphia, PA, for Defendant.

## *MEMORANDUM AND ORDER*

JOYNER, District Judge.

By way of the motion currently pending before this Court, Reliance Insurance Company seeks to appeal the October 30, 2003 Order of U.S. Bankruptcy Judge Kevin Carey granting the motion of one Frank Dalicandro, an unsecured, unliquidated creditor, for leave to file an avoidance action on behalf of the Estate of Sandenhill, Inc. At issue is a loan made by the debtor in May, 2001 to Reliance Insurance Company in the amount of $10,904,000 shortly before the Pennsylvania Commonwealth Court issued its Order of Liquidation against Reliance. As the amount of the loan apparently represented nearly all of Sandenhill's assets, it was effectively rendered insolvent by the transaction and it filed a voluntary petition for bankruptcy under Chapter 7 on January 28, 2002. Although the appointed bankruptcy trustee considered filing an avoidance action, he elected not to do so when he determined that he would not be able to retain the counsel of his choice. He thereafter filed his no-asset report on October 4, 2002 and the case was closed on November 15, 2002. Mr. Dalicandro then filed his motion to re-open the case to seek leave to file an avoidance action on behalf of the estate against Reliance and Howard Steinberg. Following hearing on July 28, 2003, Judge Carey granted Mr. Dalicandro's motion, noting that the trustee consented and finding that it was within his equitable powers to grant derivative standing to a creditor to bring an action on behalf of the estate.

Pursuant to 28 U.S.C. § 158, it is clear that District Courts are vested with jurisdiction to hear appeals from bankruptcy courts. Section 158(a)(3) allows parties to appeal interlocutory orders and decrees of a bankruptcy court only with leave of the district court. *In re Lavelle Aircraft Company,* Misc. No. 95–108, 1995 WL 334325, 1995 U.S. Dist. LEXIS 7631 (E.D.Pa. June 2, 1995). Although Bankruptcy Rules 8001 and 8003 dictate that those seeking to file an interlocutory appeal must file a motion for leave to do so, the Bankruptcy Code provides no further guidance as to the appropriate standard a district court should apply in determining whether leave to appeal should be granted. *Id.; In re Dino's, Inc.,* 183 B.R. 779, 781

694

(S.D.Ohio 1995); *In re Neshaminy Office Bldg. Assocs.*, 81 B.R. 301, 302 (E.D.Pa. 1987). However, many courts, including courts in this district, have borrowed the language of 28 U.S.C. § 1292(b), which defines the scope of appellate jurisdiction over interlocutory appeals from the district courts, to apply to appeals from interlocutory orders of the bankruptcy courts. *In re Pelullo*, Misc. No. 98–MC–53, 55, 1998 WL 767483, *1–2, 1998 U.S. Dist. LEXIS 17277, *3–4 (E.D.Pa. Nov. 3, 1998) (citations omitted). Under § 1292(b), as applied to § 158(a)(3), it is appropriate for a district court to hear an appeal from an interlocutory order of the bankruptcy court if all three of the following conditions are satisfied: (1) a controlling question of law is involved; (2) there is a substantial ground for difference of opinion regarding the question of law; and (3) an immediate appeal would materially advance the termination of the litigation. *Id.* An order is said to involve a controlling question of law if, on appeal, a determination that the decision contained error would lead to reversal. *In re Lavelle, supra.,* citing *Dorward v. Consolidated Rail Corp.*, 505 F.Supp. 58, 59 (E.D.Pa.1980).

■ In application of the foregoing, we find that the order at issue here granting derivative standing to an unsecured creditor in a Chapter 7 action to pursue an avoidance action on behalf of the estate would clearly lead to the termination of the avoidance action entirely, if reversed. Accordingly, we find that it constitutes a controlling question of law and that clearly an immediate appeal would materially advance the termination of this litigation since, if the order allowing the action to proceed were reversed, the action would terminate and the underlying bankruptcy matter would again close. The question of whether there is a substantial ground for difference of opinion on the legal question at issue is, however, more problematic.

In reviewing the transcript of the hearing before the Bankruptcy Court, it appears that Judge Carey based his decision upon the recent Third Circuit decision in *Official Committee ex. rel. Cybergenics v. Chinery*, 330 F.3d 548 (3d Cir.2003). In that case, following a very thorough review and analysis of the history and principles behind the bankruptcy code, the Third Circuit concluded that bankruptcy courts can, under their inherent equitable powers, authorize creditors' committees to sue derivatively to avoid fraudulent transfers for the benefit of the bankrupt's estate. *See, e.g., Cybergenics*, 330 F.3d at 580. *Cybergenics*, however, was a Chapter 11 case. While we frankly cannot imagine that the Third Circuit would employ a different rationale in a Chapter 7 matter, Reliance is nevertheless correct that no other Court in this circuit has had occasion to extend the reasoning of *Cybergenics* to an action commenced under Chapter 7. For that reason, we would agree that there is a substantial ground for difference of opinion on the legal question at issue, *i.e.* whether the bankruptcy court properly granted derivative standing to Mr. Dalicandro here in this, Chapter 7 action. For this reason, we shall grant the motion for leave to file an interlocutory appeal in accordance with the attached order.

### ORDER

AND NOW, this 30th day of January, 2004, upon consideration of the Motion of Reliance Insurance Company for Leave to Appeal Interlocutory Order and the response thereto of Frank Dalicandro, it is hereby ORDERED that the Motion is GRANTED and the parties are directed to proceed in accordance with the procedures and briefing schedules set forth in the

Federal Rules of Bankruptcy Procedure governing appeals to the district courts.