In re **GENESIS HEALTH VENTURES, INC., et al., Debtors.**

**Richard Haskell, et al., Plaintiffs,**

v.

**Goldman, Sachs & Co., et al., Defendants.**

**Bankruptcy No. 00–02692 (PJW).**
**Adversary No. 04–53375 (PJW).**

United States Bankruptcy Court, D. Delaware.

May 4, 2007.

Teresa K.D. Currier, Peter J. Duhig, Buchanan Ingersoll & Rooney PC, Wilmington, DE, for Defendant Mellon Bank, N.A.

Steven Russo, Sive, Paget & Riesel, P.C., New York, NY, for Defendant Mellon Bank, N.A. with respect to Plaintiffs Charles L. Grimes, Louise IG Ireland Trust, C. Yvonne Cooke, Jane G. Brown, Serena R. Schwartz and Gordon W. Chaplin.

Menachem O. Zelmanovitz, Matthew W. Olson, Morgan, Lewis & Bockius LLP, New York, NY, for Defendant Mellon Bank, N.A. with respect to all Plaintiffs Other than Charles L. Grimes, Louise IG Ireland Trust, C. Yvonne Cooke, Jane G. Brown, Serena R. Schwartz and Gordon W. Chaplin.

Christopher A. Ward, Morton R. Branzburg, Klehr, Harrison, Harvey, Branzburg & Ellers LLP, Wilmington, DE, Sheldon Raab, Eric A. Hirsch, Sabita Krishman, Fried, Frank, Harris, Shriver & Jacobson LLP, New York, NY, for Defendant Goldman, Sachs & Co.

R. Bruce McNew, Taylor & McNew LLP, Greenville, DE H. Adam Prussin,

Leigh Handelman Smollar, Pomerantz Haudek Block, Grossman & Gross LLP, New York, NY, for Plaintiffs.

Robert S. Brady, Young Conaway Stargatt & Taylor LLP, Wilmington, DE, Paul V. Shaloub, Willkie Farr & Gallagher LLP, New York, NY, for Defendant George V. Hager.

Daniel K. Hogan, The Hogan Firm, Wilmington, DE, Paul Lackey, Michael Aigen, Lackey, Hershman LLP, Dallas, TX, for Defendant Highland Capital Management, L.P.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This opinion is with respect to the joint motion (Doc. # 97) of Mellon Bank, N.A., Goldman Sachs, & Co., Highland Capital Management, L.P., and George V. Hager (collectively, "Defendants") for a stay of proceedings pending appeal and extension of time to answer the complaint. For the reasons set forth below, I will grant a limited extension.

## BACKGROUND

A full discussion of the underlying dispute in this adversary proceeding is outlined in this Court's December 13, 2006 opinion ("the December 13 Opinion") under the same caption. *Haskell v. Goldman, Sachs & Co. (In re Genesis Health Ventures, Inc.)*, 355 B.R. 438 (Bankr. D.Del.2006). In brief, Plaintiffs are a group of 275 investors that owned 55% of the Debtor's outstanding debentures, totaling over $205 million. Plaintiffs' claims were junior to $1.3 billion in senior secured debt. The Debtor is a health services company that filed a petition for bankruptcy on June 22, 2000. On September 20, 2001, after a contentious confirmation process, Judge Wizmur confirmed a joint plan of reorganization drafted by the Debtor and Multicare AMC, Inc. *In re Genesis Health Ventures, Inc.*, 266 B.R. 591 (Bankr.D.Del.2001). The plan awarded 94.3% of the newly issued equity in the Debtor to the senior secured debt holders and only 3.8% to the debenture holders, which represented a very small return on the debenture holders' claims against the Debtor. (Adv.Doc. # 100, pp. 2–3.)

Plaintiffs brought this adversary proceeding on January 24, 2004 alleging in a lengthy complaint that the Debtors and Defendants conspired to artificially deflate the Debtors' historic and projected EBITDA in documents submitted to the Court during the bankruptcy case. Through this alleged fraud, Plaintiffs claim that Defendants were able to convince the Court that new equity in the Debtor was of little value, and that Defendants, as senior secured debt holders, were entitled to receive the overwhelming majority of the shares. Plaintiffs claim that if the Debtors and Defendants had used correct data, rather than manipulated data, it would have revealed that new shares of the Debtor issued pursuant to the bankruptcy plan were valuable enough to pay off not only Defendants, but all the junior creditors, including Plaintiffs. (Adv.Doc. # 100, p. 4.)

Judge Wizmur granted Defendants' motion to dismiss Plaintiffs' complaint in May 2005, finding that Plaintiffs' claims against the Debtor were barred by the 180–day filing deadline imposed by 11 U.S.C. § 1144 (2007), and that Plaintiffs' claims against Defendants were barred by res judicata and collateral estoppel. *Haskell v. Goldman, Sachs & Co. (In re Genesis Health Ventures, Inc.)*, 324 B.R. 510 (Bankr.D.Del.2005). On appeal, the District Court affirmed the decision with respect to the dismissal of Plaintiffs' claims against the Debtor, but vacated and remanded the dismissal of Plaintiffs' claims against Defendants. *Haskell v. Goldman, Sachs & Co. (In re Genesis Health Ven-*

*tures, Inc.)*, 340 B.R. 729 (D.Del.2006). The District Court directed this Court to reconsider on remand whether § 1144 would apply to the claims against Defendants. *Id.* at 734–35. After an extensive examination of the facts alleged in the complaint, this Court in the December 13 Opinion concluded that the claims against Defendants were not barred under § 1144 because an award of damages against Defendants would not disturb the confirmed bankruptcy plan. *In re Genesis Health Ventures, Inc.*, 355 B.R. at 446–47. This Court also ruled that Plaintiffs were barred by res judicata and collateral estoppel from litigating claims relating to alleged EBITDA manipulations that came to light prior to plan confirmation. *Id.* at 454. However, this Court found that Plaintiffs alleged that Defendants orchestrated four EBITDA manipulations that Plaintiffs did not discover until after plan confirmation. *Id.* This Court denied Defendants' motion to dismiss with respect to these four alleged EBITDA manipulations applying the fraud exception to the doctrines of res judicata and collateral estoppel. *Id.* at 461.

Defendants filed a motion for interlocutory appeal of the December 13 Opinion with the District Court on December 26, 2006. In conjunction with that motion, Defendants now request that this Court stay proceedings and extend the time for Defendants to prepare and file an answer to Plaintiffs' complaint.

## DISCUSSION

Bankruptcy courts may stay proceedings pending appeal under Rule 8005 of the Federal Rules of Bankruptcy Procedure, which states:

[T]he bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

In determining whether to grant a stay pending appeal, courts should consider:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir.1991) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)); *see also United States v. Carlin*, Civ. No. 06–1906, 2006 WL 3208675, *1, 2006 U.S. Dist. LEXIS 80652, at *3 (E.D.Pa. Nov. 3, 2006); *Camden Ordnance Mfg. Co. v. United States Trustee (In re Camden Ordnance Mfg. Co.)*, 238 B.R. 292 (E.D.Pa. 1999). A court may deny a motion for a stay if the movant fails to make a showing on any of the above factors. *Hertz Corp. v. ANC Rental Corp. (In re ANC Rental Corp.)*, Civ. No. 02–154, 2002 WL 1058196, *2, 2002 U.S. 7 Dist. LEXIS 9409, at *5 (D.Del. May 22, 2002); *Blackwell v. GMAC (In re Blackwell)*, 162 B.R. 117, 120 (E.D.Pa.1993). However, none of the factors are determinative and courts must balance all of the factors in order to decide whether or not to grant a stay. *NMSBPCSLDHB L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.)*, Civ. No. 03–235–KAJ, 2004 WL 1136547, *3, 2004 U.S. Dist. LEXIS 9109, at *6 (D.Del. May 19, 2004), *rev'd on other grounds*, 384 F.3d 108 (3d Cir.2005); *In re Allegheny, Health, Educ. & Research Found.*, 252 B.R. 309, 321 (W.D.Pa.1999). In order to decide this motion, I will consider each of the factors individually.

*A. Likelihood of Success on the Merits*

The first element that Defendants must show is a likelihood of success on the merits of their appeal. "While there is always a possibility that an appellate court will reverse a lower court's ruling, defendants' arguments ... [must] rise to the level of a showing of a likelihood of success on the merits of the appeal." *Crouch v. Prior*, Civ. No.1995–108–F–STX, 1995 WL 673263, *1, 1995 U.S. Dist. LEXIS 16911, at *4 (D.V.I. Nov. 7, 1995).

Defendants argue that there are substantial grounds for a difference of opinion as to the application of § 1144 to non-debtor parties. In support of their argument, Defendants cite three cases that Defendants read as contradicting the December 13 Opinion: *Kaufman v. Public Serv. Co. (In re Public Service Co. of New Hampshire)*, 43 F.3d 763 (1st Cir.1995); *Hotel Corp. of the South v. Rampart 920, Inc.*, 46 B.R. 758 (E.D.La.1985), *aff'd without opinion*, 781 F.2d 901 (5th Cir.1986); and *Browning v. Prostok*, 165 S.W.3d 336 (Tex.2005). I do not read any of those cases as contradicting the December 13 Opinion as it relates to § 1144. *See S.N. Phelps & Co. v. Circle K Corp. (In re Circle K Corp.)*, 181 B.R. 457, 462 (Bankr. D.Ariz.1995); *In re Emmer Bros. Co.*, 52 B.R. 385, 392 (D.Minn.1985).

In *In re Public Service Co. of New Hampshire*, the bankruptcy court had confirmed a plan of reorganization in spite of the appellant shareholders' insistence that there were fraudulent representations in the disclosure statement. 43 F.3d at 764–65. Over two years later, after the appellants threatened to bring securities fraud claims against the debtor and various non-debtor parties, the bankruptcy court enjoined the appellants from commencing any civil litigation challenging the disclosure statement or the confirmation order. *Id.* at 765. On appeal, the appellants challenged the injunction on its merits arguing that neither the Bankruptcy Code, nor the doctrine of res judicata should forestall a securities fraud action. *Id.* The First Circuit upheld the injunction on the basis of "the broader policies of chapter 11 and on considerations of equity," stating that "appellants could and should have litigated their inaccuracy claims in the reorganization forum." *Id.* at 769. This case is inapplicable to the case at hand. There is no discussion of whether § 1144 operates to bar claims brought against non-debtor parties that would not affect the application of the plan of reorganization. Also, this case is different because there was no "secret fraud" (i.e., fraud that the appellants did not and could not have known about prior to confirmation). The court noted that if there had been "secret fraud," "appellants might have an arguable basis for their collateral attack." *Id.* at 767.

In *Hotel Corp. of the South*, the plaintiffs brought various claims, including a charge of fraud in the bankruptcy proceeding against the debtor and several non-debtor parties. 46 B.R. 758. The Eastern District of Louisiana dismissed the plaintiffs' claims under the doctrine of res judicata because the plaintiffs had brought a similar claim of fraud in an adversary proceeding where the bankruptcy court had ruled that there was no proof of fraud. *Id.* at 765. The district court also stated that the plaintiffs' claims were barred under § 1144, stating that "[t]o allow Plaintiffs to collaterally attack the Bankruptcy reorganization on grounds of fraud is to allow them to do indirectly what they no longer may do directly because of 11 U.S.C. § 1144." *Id.* at 770–71. This ruling falls short of stating that § 1144 bars claims for damages against non-debtor parties that, if successful, would not disturb distributions under the plan of reorganization. The court said that the plaintiffs could not collaterally attack the reorganization, but it

did not say that they could not bring a claim for damages. Moreover, the court's ruling with respect to § 1144 is mere dicta because the court ruled that the plaintiffs' claim is barred by res judicata.

As for *Browning*, 165 S.W.3d 336, this Court distinguished that decision in the December 13 Opinion:

> Though the facts in that case are superficially similar, they are different in one important respect. At the outset, the *Browning* court explained that a claim fails under § 1144 if it "would violate established finality doctrines or constitute an impermissible collateral attack on the confirmation order." *Id.* at 345. Then, the court discussed whether the alleged fraud constituted a collateral attack on the confirmation order and concluded that it did. *Id.* at 346–50. However, in the closing paragraphs of the opinion, the court explicitly distinguished itself from the *Circle K* case, where the "alleged fraud could not have been asserted in the confirmation proceedings and that the underlying claims certainly were not actually adjudicated." *Id.* at 351. Indeed, the *Browning* decision dealt with a situation "where the alleged fraud was in fact asserted in the underlying bankruptcy proceedings." *Id.* Here, like *Circle K*, the Complaint alleges that the fraud was not-and could not have been-actually adjudicated.

*In re Genesis Health Ventures, Inc.*, 355 B.R. at 446. Notably the Court in *Browning* acknowledged that "[i]t is axiomatic that fraud discovered post-confirmation could not have been litigated in the pre-confirmation bankruptcy proceedings," and therefore could be raised in a subsequent proceeding. 165 S.W.3d at 350.

 Although the cases that Defendants put forward do not sway this Court, that does not mean that Defendants' motion should fail. For the purposes of this motion, it does not matter whether this Court believes that Defendants should succeed on appeal. In considering the likelihood of success on the merits, "[i]t seems illogical ... to require that the court in effect conclude that its original decision in the matter was wrong before a stay can be issued." *Evans v. Buchanan*, 435 F.Supp. 832, 844 (D.Del.1977). In fact, a court may grant a motion for a stay pending appeal even when it has "confidence in the rectitude of its decision." *In re Miraj & Sons, Inc.*, 201 B.R. 23, 27 (Bankr.D.Mass.1996). This Court is confident that the December 13 Opinion is supported by the language of the Bankruptcy Code and case law. However, there is a significant issue in that opinion that to my knowledge has not been addressed in a reported opinion in the Third Circuit. That issue is whether § 1144 applies to claims for damages against non-debtor parties involved in the plan confirmation process. When a circuit court has not yet decided an issue of law, there may be substantial grounds for a difference of opinion within that circuit. *See In re Sandenhill, Inc.*, 304 B.R. 692, 694 (E.D.Pa.2004).

### B. Injury to Defendants if Stay Is Not Granted

Defendants argue that if the Court does not grant their motion to stay proceedings they will be compelled to relitigate the facts concerning the alleged EBITDA manipulations, thus suffering irreparable injury. Going forward with proceedings would force Defendants to expend time and money and to divert personnel from other tasks in dealing with extensive discovery and inquiry into the issues surrounding the alleged manipulations. Defendants point out that if the District Court determines several months down the road that § 1144 does protect them, then Defendants would have already lost the benefit that § 1144 is supposed to provide (i.e., protection from continued litigation over a confirmed plan).

### C. Injury to Plaintiffs if Stay Is Granted

Plaintiffs argue that a stay would harm their case because as more time goes by, the memories of witnesses fade and valuable evidence may be lost. Plaintiffs filed this adversary proceeding over three years ago and relevant events occurred as long as six years ago. As of yet, virtually no discovery has been initiated. Defendants argue that any recovery that Plaintiffs may be entitled to will not be impaired by the passage of time because they are only seeking money damages. Furthermore, Defendants argue that the fact that this case has taken so long to develop is attributable to Plaintiffs more than Defendants. It was Plaintiffs, Defendants argue, that chose to wait almost two and a half years after confirmation to file this adversary proceeding. Given that so much time has already elapsed, it is doubtful that Plaintiffs will be prejudiced significantly by another delay, provided that it is not lengthy.

### D. Public Interest

Defendants argue that a stay would be in the best interest of the public because it would promote finality, which is the doctrinal underpinning for § 1144. *In re Public Service*, 43 F.3d at 768 ("Later suits that threaten to undermine a bankruptcy judgment are not merely the concern of the individual litigants; the willingness of future claimants and creditors to compromise in chapter 11 proceedings depends on giving the reorganization court's approval a due measure of finality."). If the District Court agrees to hear Defendants' appeal, and the appeal is successful, Defendants argue that denial of their motion would set an unfortunate precedent in future cases where the finality of a plan of reorganization is brought into question. However, Plaintiffs argue that a denial of Defendants' motion for a stay is in the public interest because it would allow the parties to engage in discovery and progress more quickly toward a judgment on the merits. "There is always a strong public interest in having lawsuits move forward to resolution as speedily as possible." *Castle v. Crouse*, Civ. No. 03–5252, 2004 WL 1490336, *5, 2004 U.S. Dist. LEXIS 12664, at *13 (E.D.Pa. July 2, 2004). While it is clearly not in the public interest to have cases languishing on court dockets for long periods of time, it is also not preferable to compel parties to go through the expense of preparing a case for trial when all of that preparation could be rendered moot by a reversal on an interlocutory appeal.

### CONCLUSION

The factors relevant to the determination of whether to stay proceedings pending appeal weigh in favor of Defendants. However, appeals can sometimes take a lengthy period of time. While I do not know what the time frame may be in the District Court, I am aware that there is a vacancy for one of the four positions on that Court. While a stay of a limited period of time seems appropriate, an overly extended stay of proceedings could be problematic as witnesses and evidence become unavailable. As a compromise, this Court will grant Defendants' a stay of proceedings that will expire at the earliest of (1) six months from the date of the issuance of this opinion; (2) entry of a ruling by the District Court denying Defendants' motion for leave to appeal; (3) entry of a ruling by the District Court affirming the December 13 Opinion. Defendants will have two weeks from the expiration of this stay to answer Plaintiffs' complaint.